THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. CABELL,

      Plaintiff,

    v.

ZORRO PRODUCTIONS, INC., JOHN GERTZ, and STATE ENTERTAINMENT LICENSED PRODUCTIONS,

      Defendants.

No. 2:13-cv-00449-RSM

MOTION TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS INC. AND JOHN GERTZ

NOTE ON MOTION CALENDAR: JUNE 21, 2013

**ORAL ARGUMENT REQUESTED**

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

I.     **INTRODUCTION**

The First Amended Complaint ("FAC") of plaintiff Robert Cabell ("Plaintiff") alleges a variety of claims against defendants Zorro Productions, Inc. ("ZPI") and its president John Gertz ("Gertz") (collectively the "ZPI Defendants") regarding the literary character ZORRO. ZPI is a direct successor-in-interest to all of the rights created and formerly held by Johnston McCulley ("McCulley"), the author who created ZORRO in 1919, and for many years ZPI has been creating and licensing various works featuring ZORRO – including the popular movies THE MASK OF ZORRO and THE LEGEND OF ZORRO, featuring Antonio Banderas and Catherine Zeta-Jones.

Plaintiff is an interloper who has licensed two German theaters to produce his unauthorized ZORRO musical entitled Z – THE MUSICAL OF ZORRO ("Plaintiff's Musical").  In this lawsuit, Plaintiff paradoxically alleges out of both sides of his mouth that (a) ZORRO is in the public domain and can be used with impunity by all, *and* (b) that several of ZPI's ZORRO works infringe his alleged copyright in Plaintiff's Musical.  Apparently, Plaintiff believes that ZORRO is in the public domain for everyone *except* McCulley's successor.  In any event, Plaintiff's claims are defective, and the action should be dismissed for the following reasons:

First, under Federal Rule of Civil Procedure 12(b)(2), this Court has no personal jurisdiction over ZPI or Gertz.  Neither ZPI nor Gertz are residents of Washington, neither transacts business in Washington and neither has substantial contacts here.  None of the claims alleged in this action arise out of conduct of ZPI or Gertz that occurred in Washington.

Second, under principles of *forum non conveniens*, this Court should dismiss Plaintiff's claims, which are predicated on his licenses for two theaters located in Germany, Clingenburg Festspiele and Villa Fuchs, to produce the Plaintiff's Musical.  *See* FAC ¶¶ 13-19, 33-48.  ZPI has already filed suit in Germany alleging that its rights under German law are being violated

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 1
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

by the Clingenburg Festspiele and Villa Fuchs theaters.  It would be inappropriate for this Court to entertain a claim for declaratory relief pertaining to issues of German law, relating to productions in German theaters, that are currently being litigated in German courts.

Third, even if the Court does not dismiss the entire lawsuit on personal jurisdiction and/or *forum non conveniens* grounds, it should dismiss each and every individual claim under Rule 12(b)(6).  Each fails to state a legally cognizable claim for various reasons.  For example, Plaintiff's First Claim for copyright infringement fails to allege any "sufficient factual matter" to "state a claim for relief that is plausible on its face" in support of Plaintiff's bare legal conclusion of purported infringement.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  By way of further example, Plaintiff's Seventh Claim for a violation of Washington's Consumer Protection Act ("CPA") fails because the allegations of the FAC involve Plaintiff's private interests, not Washington's public interest.  As set forth below, ***all*** of Plaintiff's claims are improper.  Accordingly, the FAC should be dismissed in its entirety.

## II.      FACTS RELATING TO PERSONAL JURISDICTION

ZPI is a California corporation headquartered in Berkeley, California.  *See* Declaration of John Gertz ("Gertz Decl.") ¶ 10.  Gertz, who is the president of ZPI, also resides in Berkeley, California.  *Id*.  ZPI is the direct successor-in-interest to McCulley, the author who created ZORRO.  *Id*., ¶ 3.  ZPI is in the business of, among other things, securing and owning various copyrights and trademarks pertaining to ZORRO and licensing these rights for use in numerous categories of works, products and merchandise – including such popular works of entertainment as the movies THE MASK OF ZORRO and THE LEGEND OF ZORRO, and the novel ZORRO ("the Allende Novel"), which was written by the famous novelist Isabelle Allende ("Allende").  *Id*., ¶ 2.

ZPI and Gertz do not reside or conduct business in the State of Washington.  Gertz Decl. ¶¶ 10-11.  In particular, ZPI is not incorporated, not qualified to do business and has no

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 2
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1   registered agent for the service of process in Washington.  *Id.*, ¶ 11.  ZPI holds no inventory,

2   goods, products, equipment, materials or other assets in Washington and conducts no

3   advertising here.  *Id.*  ZPI and Gertz maintain no offices, facilities or other places of business

4   in Washington.  *Id.*  ZPI and Gertz have no telephone numbers, mailing addresses, bank

5   accounts, or other tangible personal or real property in Washington.  *Id.*   None of ZPI's or

6   Gertz's records, files, or documents are located in Washington.  *Id.*

7          ZPI owns and licenses intellectual property.  It is not a creator, publisher, distributor or

8   exhibitor of ZORRO works.  While it is possible that certain ZORRO works authorized by ZPI

9   have been distributed or exhibited by third parties in Washington, ZPI played no role in

10  distributing such works.  Gertz Decl. ¶ 13.  By way of example, after ZPI licensed to Allende

11  the rights to write a ZORRO book, Allende struck an agreement for the book publisher

12  HarperCollins to publish and distribute the Allende Novel.  *Id.*  Neither ZPI nor Getz had any

13  involvement in whether, and/or to what extent, the Allende Novel was distributed in

14  Washington.  *Id.*  If the Allende Novel was distributed in Washington, it was not the result of

15  any conduct by ZPI or Gertz.  *Id.*

16          Contrary to the allegations of Plaintiff's pleading (*see* FAC ¶ 51), ZPI is not involved

17  in the theatrical musical ZORRO, THE MUSICAL ("the ZLL Musical").  Gertz Decl. ¶ 4.

18  Rather, the rights to the ZLL Musical are owned and controlled by Zorro London Limited

19  ("ZLL"), which is based in London, England, and was organized under the laws of the United

20  Kingdom.  *Id.*  Although Gertz is an officer of ZLL, ZPI and ZLL are separate companies with

21  different ownership.  *Id.*  The rights to perform the ZLL Musical in the United States were

22  granted by ZLL to Stage Entertainment USA Inc. ("SEUSA"), a New York subsidiary of

23  defendant Stage Entertainment Licensed Productions ("SELP"), which is not a party to this

24  Motion.  *Id.*  In addition to Atlanta, the ZLL Musical has been performed in London, Tokyo,

25  Paris and elsewhere.  ZPI's dealings with SEUSA and ZLL regarding the ZLL Musical

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 3
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  involved communications between ZPI's offices in California, SEUSA's offices in New York

2  and ZLL's offices in London.

3       Most importantly, none of the activities of ZPI or Gertz giving rise to this lawsuit have

4  taken place within the State of Washington.  Gertz Decl. ¶ 14.  For example, the email of

5  February 20, 2013 that is alleged in the FAC was sent from ZPI in Berkeley, California, to the

6  Director of the Clingenburg Festspiele theater, Marcel Krohn, who is located in Germany.

7  FAC ¶ 39; Gertz Decl. ¶ 14.a.  Likewise, the letter of February 21, 2013 to Mr. Krohn (FAC ¶

8  40), as well as the letter of March 21, 2013 to Johannes Dostert, the Managing Director of the

9  Villa Fuchs theater (FAC ¶ 45) were similarly sent from ZPI in Berkeley, California to

10  Germany.  Gertz Decl. ¶¶ 14.b, 14.d.  Similarly, ZPI's dealings with Allende regarding the

11  Allende Novel involved communications within California, where ZPI, Gertz and Allende are

12  all located.  *Id*., ¶ 13.  No conduct relating to this action occurred in Washington.

13  **III.**   **FACTS RELATING TO *FORUM NON CONVENIENS***

14       Because copyright and trademark laws are national in scope and vary from country to

15  country, ZPI has retained counsel and has otherwise taken steps to secure its rights in ZORRO

16  in many countries around the globe.  Gertz Decl. ¶ 15 and Ex. 1.  Thus, for example, ZPI holds

17  many European Union Community Trademarks ("CTM") and Madrid Protocol International

18  Trademark Registrations for ZORRO that are effective in Germany – including in Class 41 for

19  entertainment and cultural activities the registrations CTM 5399787 for "ZORRO" (word),

20  CTM 1710474 (ZORRO face) and International Registration No. 576107 (ZORRO

21  horse/rider).  *Id*.

22       To protect ZPI's rights under German law, ZPI has initiated lawsuits in Germany

23  against two theaters, Clingenburg Festspiele and Villa Fuchs, which announced plans to

24  produce the Plaintiff's Musical.  Gertz Decl. ¶ 16.   In each of these cases, ZPI is seeking a

25  preliminary injunction against the theaters to: (1) desist from presenting a musical involving

26  the story and/or character of ZORRO as created by McCulley, and (2) desist from presenting,

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 4
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

offering and/or advertising a musical in Germany under the name Z – THE MUSICAL OF ZORRO (as well as certain other names containing the word ZORRO).  *Id.*  The Landgericht (Regional Court) Saarbrücken, where the Villa Fuchs case is pending, conducted an oral hearing on May 15, 2013.  *Id.*  In the Clingenburg Festspiele case, the Landgericht (Regional Court) Nürnberg-Fürth scheduled an oral hearing for May 22, 2013.  *Id.*  Copies of ZPI's preliminary injunction papers from the Clingenburg Festspiele and Villa Fuchs actions in Germany are attached to the Gertz Declaration as Exhibits 2 and 3.

## IV.    FACTS RELATING TO THE STATUTE OF LIMITATIONS AND LACHES

Importantly, the facts underlying this dispute and Plaintiff's baseless allegations of "fraud" against ZPI have been known to Plaintiff for many years – yet he failed to take action. Specifically, 11 years ago, on April 19, 2002, Plaintiff filed with the USPTO's Trademark Trial and Appeal Board ("TTAB") a Petition for Cancellation of Various Registrations of Zorro Productions, Inc. ("Petition").  Gertz Decl. ¶ 7; *see also* concurrently-filed Request for Judicial Notice ("RJN") Ex. "A."  In the Petition, Plaintiff sought to cancel ZPI's U.S. Trademark Registrations No. 1,524,207 (ZORRO – pre-recorded audio cassette tapes and story books), Reg. No. 1,731,743 (ZORRO – entertainment services in a television series), Reg. No. 2,198,032 (ZORRO – entertainment information via global computer network), Reg. No. 2,198,254 (ZORRO – entertainment in the nature of theater productions), Reg. No. 2,239,219 (ZORRO – pre-recorded cassettes and digital discs featuring music and entertainment), and Reg. No. 2,296,302 (ZORRO – newspapers, books and magazines regarding a fictional character).  *Id.*

In Plaintiff's TTAB Petition, just as in his current FAC, Plaintiff improperly cited the district court's *vacated* decision in *Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc.*, 137 F. Supp. 2d 1177 (C.D. Cal. 2001)[1] and argued that "[b]ecause

---

[1] That decision was vacated by the district court in *Sony Pictures Entertainment Inc. v. Fireworks Entertainment Group, Inc.*, 2002 WL 32387901 (C.D. Cal. Nov 05, 2002).

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 5
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

the core Zorro copyrights have expired, anyone may now freely produce theater productions or other media offerings featuring the Zorro character and original story elements, and may use the term 'Zorro' in connection with these offerings." *See* Petition ¶ 2 (RJN Ex. "A"). Plaintiff's Petition further argued that ZPI's "ZORRO registrations are harmful to [Plaintiff], and to the public in general, because they impair free access to and use of the public domain Zorro material." *Id.* Plaintiff did not, however, prosecute his TTAB proceeding against ZPI. Gertz Decl. ¶ 8. Plaintiff withdrew his Petition on October 5, 2004, and the TTAB dismissed the action without prejudice on October 14, 2004. *Id.*; *see also* RJN Exs. "B" and "C").

Importantly, in his FAC, Plaintiff is seeking the judicial cancellation of the same trademark registrations that he sought to cancel in the TTAB action during 2002-2004. Specifically, in his FAC, Plaintiff is now seeking the cancellation of Reg. No. 1,524,207, Reg. No. 1,731,743, Reg. No. 2,296,302, Reg. No. 2,239,219 and Reg. No. 2,198,254 – the same Registrations that he previously sought to cancel – plus Reg. No. 1,912,515 (ZORRO – comic books and trading cards). According to the FAC, cancellation of these marks is warranted because "ZPI's federal trademark registrations are used by ZPI as fraudulent and inappropriate attempts to lengthen protection of works for which copyright have already expired." *See* FAC ¶ 65. However, the statute of limitations for fraud in Washington, which is also applicable to trademark cancellation proceedings on the grounds of fraud, is only three years – and this Court can take judicial notice of the fact that Plaintiff knew of ZPI's allegedly "fraudulent" ZORRO registrations more than ten years ago, when he filed his TTAB cancellation proceeding. *See* RJN, Exs. "A"-"C."

## V.  ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's FAC makes a great many inaccurate allegations and conclusions. For example, Plaintiff starts out by erroneously concluding, among other things, that "any copyright interest in McCulley's story [*i.e.*, The Curse of Capistrano] published in 1919 could not have extended past 1975" (FAC ¶ 10), without giving any consideration to the "interim

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 6
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

extensions" of copyright that were passed by Congress during the period leading up to the enactment of the Copyright Act of 1976.[2]  Likewise, Plaintiff apparently has no compunctions about improperly citing a *vacated* district court case.  FAC ¶ 23.  Plaintiff's FAC also incorrectly assumes that the alleged "public domain" status of a work for purposes of copyright also means that the work cannot be protected as a trademark  (FAC ¶ 26) – when the law is the exact opposite.  *Tristar Pictures, Inc. v. Del Taco Inc*., 59 U.S.P.Q.2d 1091 (C.D. Cal. 1999) (expressly holding that ZORRO can be protected as a trademark irrespective of the copyright status of the character).  Perhaps most egregiously, Plaintiff seems to assume that U.S. copyright laws apply in Germany.  *See*, *e.g.*, FAC ¶¶ 58-59.

Given the pervasive errors in Plaintiff's FAC, it is no surprise that his pleading fails to state a single *plausible* claim under the *Iqbal/Twombly* standard.  As set forth below in Sections VIII.A. through VIII.F., each and every claim is fatally flawed for various reasons.  In some instances, Plaintiff neglected to allege facts that relate to key elements of the claims.  In other instances, Plaintiff affirmatively alleged circumstances that preclude, as a matter of law, recovery on the claims.  For the litany of reasons set forth below, all of Plaintiff's claims fail and must be dismissed.

## VI.   PERSONAL JURISDICTION: THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER ZPI OR GERTZ

### A.   Legal Standard

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).  "The Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'"  *Burger King v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  "Because the Washington long-arm

---

[2] *See* 3-9 Nimmer on Copyright § 9.11[A].

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 7
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

statute reaches as far as the Due Process Clause, all [the Court] need analyze is whether the exercise of jurisdiction would comply with due process." *Omuluk v. Langsten Slip & Batbygger A/S*, 52 F.3d 267, 269 (9th Cir. 1995).  Courts have recognized two types of personal jurisdiction, "general" and "specific." *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  There is no dispute but that this Court does not have "general" jurisdiction over the either ZPI or Gertz.[3]

To exercise "specific" jurisdiction, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions or fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal quotations omitted).  These minimum contacts make personal jurisdiction foreseeable when the non-resident defendant's connection to, and conduct within, the forum state is such that "he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Washington has identified three criteria with which to analyze personal jurisdiction:

1. Whether the defendants purposefully directed their activities to, or availed themselves of the privilege of conducting activities in, the forum state, thereby invoking the benefits and protections of its laws;

2. Whether the claim arose from, or was connected with, such act or transaction;

3. Whether the extension of jurisdiction over the defendants is reasonable and whether it would offend traditional notions of fair play and substantial justice.

*Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Plaintiff must satisfy both of the first two prongs of the test.  *Id.*  **If** a plaintiff meets its burden on the first two prongs, the burden shifts

---

[3] The ZPI Defendants indisputably lack the "continuous and systematic" contacts that "approximate physical presence" in Washington sufficient for general jurisdiction to exist.  *See Perkins v. Benguet Consolidate Mining Co.*, 342 U.S. 437, 445 (1952); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.").

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 8
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1    to the defendants to show that the exercise of jurisdiction would not be reasonable.  Here,

2    Plaintiff cannot satisfy either of the first two prongs and, even if he could, the third factor

3    weighs heavily against exercising personal jurisdiction over ZPI or Gertz.

> **B.    Neither ZPI nor Gertz Purposefully Directed Themselves to the State of Washington**

To satisfy the first prong of this test for specific jurisdiction here, Plaintiff must

establish that ZPI (the company) and Gertz (as an individual) each "purposefully directed"

their activities to Washington.  *Schwarzenneger*, 374 F.3d at 803.  Purposeful direction is

evaluated under the three-part "*Calder*-effects" test.  *Id.* (*citing Calder v. Jones*, 465 U.S. 783

(1984)).  A defendant purposefully directs its activities at the forum state if it has "(1)

committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

defendant knows is likely to be suffered in the forum state."  *Id.*  Because it is Plaintiff's

burden to establish jurisdiction, "the Court looks to the allegations in Plaintiff's Complaint."

*Dial Up Services, Inc. v. Oregon*, 2007 WL 4200756, * 4 (D. Ariz. 2007).  Here, Plaintiff

alleges the perfunctory legal standard of "purposeful availment" but fails to support the

allegation with a single fact suggesting that either ZPI or Gertz directed their activities toward

Washington under *Calder*.  Plaintiff's sole averment regarding personal jurisdiction is the

conclusory allegation that:

> Defendants are subject to the personal jurisdiction of this Court as they have done
> business in this district.  Defendants have purposefully availed themselves of the
> benefits of doing business in the State of Washington, by advertising and
> promoting goods to the residents of Washington and by causing injury to plaintiff
> within Washington.

FAC ¶ 6.  This is plainly insufficient to establish personal jurisdiction over ZPI or Gertz.

> **1.    ZPI Did Not Aim its Activity at Washington**

As set forth in Section II, *supra*, ZPI may have "purposefully directed" its conduct to

***theaters in Germany***.  ZPI, including through its Dutch agents, sent two German theaters cease

and desist letters to their German addresses.  *Id.*  Those letters noted that the German theaters'

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 9
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

anticipated summer line-up infringed ZPI's German intellectual property rights. The letters referenced in (but tellingly not attached to) the FAC establish the ZPI directed its activities to Germany, not Washington. *See* RJN, Exs. "D"-"G."[4] Furthermore, while it is possible that the Allende Novel may have been sold in Washington, ZPI had no role whatsoever in those sales. Gertz Decl. ¶ 13. ZPI merely licensed certain rights to a third party (Allende), who contracted with yet another third party publisher (HarperCollins) to publish and distribute the book. *Id*.

The Ninth Circuit's definition of "express aiming" establishes that simply alleging that a harm was foreseeable in Washington is insufficient to trigger personal jurisdiction. In *Schwarzenegger*, the movie star and former California governor brought an action in California alleging that an Ohio car dealership impermissibly used his "Terminator" image in a newspaper advertisement in Ohio. 374 F.3d at 800. The Ninth Circuit found that the possibility of foreseeable harm in California was not enough to support personal jurisdiction. It held that, while the dealership may have known that Schwarzenegger lived in California, and while the dealership may have known that its acts would cause Schwarzenegger harm in California, its "express aim" was Ohio, not California. Like in *Schwarzenegger*, ZPI's efforts to stop a theater production in Germany lacked any foreseeable harm in Washington sufficient to support personal jurisdiction. *See also Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) (use of "pebble beach" trademark on the website of a bed and breakfast in the U.K. was not directed to California); *Asher Worldwide Enterprises LLC v. Sur La Table, Inc.*, 2012 WL 112641, * 4 (W.D. Wash. 2012) (Arizona resident with small number of internet sales to Washington did not expressly aim its conduct to Washington).

### 2.    Gertz Did Not Aim His Activity at Washington

*Even if* ZPI somehow expressly aimed at Washington, Gertz did not. Each defendant's contacts with the forum state must be assessed individually. *Calder*, 465 U.S. at 790; *see also*

---

[4] In their concurrently-filed RJN, the ZPI Defendants request the Court to take judicial notice of documents referenced in but not attached to the FAC and documents Plaintiff filed with the USPTO's TTAB.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1    *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).  Personal jurisdiction over employees or officers

2    of a corporation in their individual capacities, like Gertz, must be based on their *personal*

3    contacts with the forum state – not acts carried out in a representative capacity.  *Kransco*

4    *Manuf., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981); *Forsythe v. Overmyer*, 576

5    F.2d 779, 782 (9th Cir. 1978).

6        The ***only*** averments in the FAC against Gertz relate to acts taken in his capacity as a

7    principal for ZPI.  The FAC alleges that Gertz "fraudulently" obtained trademarks – for ZPI.

8    FAC ¶¶ 26, 32.  The FAC further alleges that Gertz sent emails to theaters in Germany "falsely

9    claiming" that ZPI (*i.e.*, not Gertz) owned certain Zorro-related intellectual property.  *Id.*, ¶ 39.

10   The FAC finally avers that, in 1996, Plaintiff gave Gertz a copy of Plaintiff's script.  *Id.*, ¶ 50.

11   Of course, Plaintiff reached out to Gertz was an agent of ZPI and Plaintiff was seeking to

12   license Zorro-related intellectual property from ZPI.  Gertz Decl. ¶ 5.  In any event, the FAC

13   does not (and cannot) allege a Washington connection.  The parties' 1996 meeting occurred in

14   New York, where Plaintiff then resided.  *Id.*

15       **C.       Plaintiff's Claims do Not Arise from the ZPI Defendants "Forum-Related**
             **Activities"**
16
         Even if Plaintiff could establish that ZPI's or Gertz's express aim was Washington (it
17
     was not), personal jurisdiction is still lacking because Plaintiff cannot satisfy the second prong
18
     of the test: "whether the claim arises out of or results from the Defendants' forum-related
19
     activities."  *Mattel, Inc. v. Greiner and Hausser GMBH*, 354 F.3d 857, 865 (9th Cir. 2003).
20
     Here, the Ninth Circuit applies a "but for" test – in other words, "But for the ZPI Defendants'
21
     contacts with Washington, would Plaintiff's claims against the ZPI Defendants have arisen."
22
     The answer to that question is a resounding "no."  No part of the events giving rise to
23
     Plaintiff's claims occurred in Washington.  Plaintiff could assert the same (meritless) claims
24
     against the ZPI Defendants even if one were to discount all of the activity that occurred in
25
     Washington (none).  "In the absence of specific factual allegations showing that part of the
26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 11
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

LEGAL\16536058\1

1  events giving rise to Plaintiff's claim occurred in Washington, the second prong is not

2  satisfied." *Asher Worldwide*, 2012 WL 112641, * 4.

### D. The Extension of Personal Jurisdiction Over the ZPI Defendants is Inconsistent with Fair Play and Substantial Justice

The Court should dismiss Plaintiff's action against the ZPI Defendants even if he satisfied the first two prongs of the personal jurisdiction test (he did not).  It would work a serious injustice to force the ZPI Defendants to litigate the action in the Western District of Washington.  The Ninth Circuit has identified seven factors to consider when deciding whether the extension of jurisdiction comports with notions of fair play and substantial justice: "(1) the extent of the purposeful interjection; (2) the burden on the defendant to defend in the chosen forum; (3) the extent of the conflict with the sovereignty of defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *Asher Worldwide*, 2012 WL 112641, * 4 (*citing CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004)).

Nearly all of these factors weigh against imposing jurisdiction over the ZPI Defendants.  The ZPI Defendants issued cease and desist letters to a theater company in Germany, and any "purposeful interjection" into the State of Washington was slight (if there was any interjection at all).  The burden on the ZPI Defendants to defend in Washington is high given they have absolutely no connections to the State.  Further, the State of Washington has absolutely no interest in deciding whether a theater company in Germany should or should not produce a play for their summer festival.  Plainly, Washington is not an efficient or convenient forum for litigating the parties' claims as, out of all the potential witnesses in the United States and Germany, only one, Plaintiff, resides in Washington.  Finally, there exists a very reasonable and convenient alternative forum – Germany – the country in which: (1) Plaintiff conducts business (FAC ¶¶ 38, 44); (2) Plaintiff has agents and lawyers (Gertz Decl. ¶

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 12
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

18); and (3) a court is already deciding the issues (*see* Section III, *supra*; Gertz Decl., ¶ 16 and Exs. 2-3). Fair play and justice dictate dismissing the claims against the ZPI Defendants for want of personal jurisdiction.

**VII.    *FORUM NON CONVENIENS*: PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ON THE GROUNDS OF *FORUM NON CONVENIENS***

Courts in the U.S. usually dismiss infringement cases premised on foreign laws on *forum non conveniens* grounds. *ITSI T.V. Prods., Inc. v. Cal. Auth. of Racing Fairs*, 785 F. Supp. 854, 866 (E.D. Cal. 1992), *rev'd in part on other grounds*, 3 F.3d 1289 (9th Cir. 1993); 4 Nimmer on Copyright § 17.03 at 17-25 (courts have "typically declined to [hear foreign infringement cases] on *forum non conveniens* grounds"). A party moving to dismiss on *forum non conveniens* grounds must demonstrate: (1) the existence of an adequate alternative forum; and (2) that the balance of private and public factors favors dismissal. *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991). Here, there is an adequate alternative forum (Germany) and the private and public factors overwhelmingly favor dismissal. While a plaintiff's choice of forum is given deference, that deference does not require this Court to sort out a foreign intellectual property dispute that is unfolding in Germany.

**A.    Germany is an Adequate Forum**

Ordinarily, an alternative forum is adequate where the defendant is amenable to process in the other jurisdiction. *Lockman Foundation*, 930 F.2d at 768. Here, the ZPI Defendants are amenable to process in Germany. Gertz Decl., ¶ 19. Indeed, ZPI has already availed itself of the German courts by bringing a lawsuit against the two German theaters that licensed Plaintiff's Musical. *Id.*, ¶¶ 16-17. Germany courts are undoubtedly the best forums for litigating German intellectual property rights. This factor weighs heavily in favor of dismissing this case in favor the German actions.

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

**B.      The Private Factors Favor Dismissal**

Next, the Court must weigh the private and public interest factors.  There are three private interest factors, all of which favor of dismissal: (1) location of evidence; (2) location of witnesses; and (3) problems that would interfere with an expeditious trial.  *Lockman*, 930 F.2d at 769.  Most, if not all, of the evidence and witnesses are located in Germany.  Per the FAC, the dispute turns on the productions of a play in Germany.  FAC ¶¶ 38-48.  Plaintiff licensed rights to his Musical to Clingenberg Festspiele and Villa Fuchs & Stage, two German theaters.  *Id*., ¶¶ 38, 44.  ZPI sent cease and desist letters Marcel Krohn (Director of the Clingenberg Festspiele) and Johannes Dostert (Managing Director of Villa Fuchs & State).  *Id*., ¶¶ 39, 45.  The FAC also alleges that ZPI's Dutch stage manager, Willem Metz, sent a cease and desist letter to Bettina Migge, Plaintiff's German theatrical agent.  *Id*., ¶ 41; Gertz Decl. ¶ 18.  All of the correspondence was directed to Germans living in Germany.

The German courts are better suited to expeditiously resolve the parties' disputes.  Two German regional courts are scheduled to and/or have heard arguments from ZPI's German attorneys regarding whether the local theaters' performances of Plaintiff's Musical violate ZPI's German rights.  Gertz Decl. ¶ 16.  Furthermore, while both the German theaters are parties to the German action, they are not and could not be parties to this U.S. action.  *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1452 (9th Cir. 1990) ("[t]he inability to implead other parties directly involved in the controversy is a factor which weighs against the retention of jurisdiction") (internal quotations omitted).  The German courts will resolve this dispute more expeditiously, and much more effectively, given that the theaters are subject to jurisdiction in Germany.

**C.      The Public Factors Favor Dismissal**

The public factors also overwhelmingly favor a dismissal.  They include the District's interest in the lawsuit, this Court's familiarity with the applicable law, the burden upon the local courts and juries, court congestion and the costs associated with resolving a dispute

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 14
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

LEGAL\16536058\1

unrelated to this District.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001).

First, German courts are poised to decide the matter and will do so before the above-entitled

action can run its course.  Second, while Germany has a very strong interest deciding what

German theaters can produce, the Western District of Washington has no interest in the matter.

Third, unlike the courts in Germany, this Court has no jurisdiction over the German theaters.

Finally, this Court is ill-suited to decide the scope of ZPI's intellectual property rights in

Germany, whether a German production of Plaintiff's Musical (in the German language)

infringes ZPI's rights, and/or whether the infringement requires the German theaters to cease

production.  The courts of Germany should decide these issues.  *ITSI T.V. Prods.*, 785 F.Supp.

at 866 (declining to "enter the bramble brush of ascertaining and applying foreign law without

an urgent reason to do so"); *see also Lockman Foundation*, 930 F.2d at 767 (approving

dismissal of copyright and non-copyright claims on *forum non conveniens* grounds where

work was distributed in Japan); *Creative Technology, Ltd. v. Aztech System PTE, Ltd.*, 61 F.3d

696, 704 (9th Cir. 1995) (copyright infringement action dismissed on *forum non conveniens*

grounds in favor of alternative action brought in Singapore).

## VIII.  *FAILURE TO STATE A CLAIM*: THE INDIVIDUAL CLAIMS OF THE FAC MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

All claims against ZPI and Gertz should be dismissed.  As set forth above in Sections

VI and VII, *supra*, the Court has no personal jurisdiction over ZPI or Gertz and the doctrine of

*forum non conveniens* strongly favors dismissing this action in favor of the concurrently-

pending proceedings in Germany.  Moreover, as set forth below, Plaintiff's individual claims

should also be dismissed for the failure to state a claim under Rule 12(b)(6).

### A.  Claim One – Copyright Infringement: The FAC Fails to Allege Facts To Support its Conclusion Regarding Infringement

Plaintiff's First Claim for copyright infringement should be separately dismissed.  It

fails to allege facts to support the legal conclusion that the ZPI Defendants are liable for

infringement.  Fed. R. Civ. P. 12(b)(6).  A claim must, at a minimum, allege "sufficient factual

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 15
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

matter" to "state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 570. Plausibility depends on whether or not "the pleaded factual content allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555 (a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Allegations that show only the "mere possibility of misconduct" are insufficient. *Iqbal*, 556 U.S. at 679; *Wild v. NBC Universal, Inc.*, 788 F.Supp.2d 1083, 1097 (C.D. Cal. 2011).

To plead a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In the Ninth Circuit, in cases involving literary and fictional works, the second prong of "copying" itself has two distinct elements that must be pleaded by a plaintiff – it requires allegations that (1) "the infringer had access to plaintiff's copyrighted work and [(2)] ***that the works at issue are substantially similar in their protected elements***." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (emphasis added); *Wild*, 788 F.Supp.2d at 1097-98. Moreover, the issue of substantial similarity must be plead in conformity with an "extrinsic test" that considers eight factors, the plots, themes, dialogue, mood, setting, pace, characters, and sequence of events of each work at issue, after first "filtering out" such unprotected elements as ideas (17 U.S.C. § 102(b)) and scènes-à-faire. *See, e.g.*, *Funky Films, Inc. v. Time Warner Ent't Co.*, 462 F.3d 1072, 1077 (9th Cir. 2006); *Cavalier*, 297 F.3d at 826. The test can be satisfied only by similarities in "the actual concrete elements that make up the total sequence of events and relationships between the major characters" because "[n]o one can own the basic idea for a story." *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985); *see also Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984); *Kouf v. Walt Disney Pictures & Television*, 16

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 16
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

F.3d 1042, 1045-46 (9th Cir. 1994); *Olson v. National Broadcasting Co., Inc*., 855 F.2d 1446, 1450 (9th Cir. 1988); *Funky Films*, 462 F.3d at 1081-82; *Benay v. Warner Bros. Ent't, Inc*., 607 F.3d 620 (9th Cir. 2010).

The extrinsic test "may often be decided as a matter of law" (*Funky Films*, 462 F.3d at 1076 (internal quotations omitted)) and a court should dismiss a complaint under Rule 12(b)(6) if it does not allege substantial similarity sufficiently.  Numerous courts have dismissed copyright claims when facts sufficient to satisfy the extrinsic test have not been pleaded successfully by the plaintiff.  *See*, *e.g*., *Wild*, 788 F.Supp.2d  at 1098-99; *Campbell v. Walt Disney* Co., 718 F.Supp.2d 1108 (N.D. Cal. 2010); *Harter v. Disney Enterprises, Inc*., 2012 WL 2565024 (E.D. Mo. 2012) (after converting F.R.C.P.12(b)(6) motion to Rule 56 motion and solely on comparing the works, court ruled that defendants' movies did not infringe plaintiff's story); *Zella v. E.W. Scripps Co*., 529 F.Supp.2d 1124 (C.D. Cal. 2007); *Feldman v. Twentieth Century Fox Film Corp*., 723 F.Supp.2d 357 (D. Mass. 2010); *Phillips v. Murdock*, 543 F.Supp.2d 1219 (D. Hawaii 2008); *Cory Van Rijn, Inc. v. California Raisin Advisory Bd*., 697 F.Supp. 1136 (E.D. Cal. 1987).

Here, Plaintiff's allegations of unlawful copying in the FAC are not sufficient to state a viable copyright infringement claim under the above authorities.  Plaintiff has solely alleged: (a) that the character ZORRO is supposedly in the "public domain" and unprotectable (FAC ¶¶ 7-12, 22) and (b) unsupported bare legal conclusions – which must be ignored under *Iqbal* and *Twombly* – that, notwithstanding Plaintiff's claim that ZORRO is in the "public domain," the ZPI Defendants nonetheless have "willfully and intentionally infringed" the Plaintiff's Musical by and through the Allende Novel and the ZLL Musical.  Aside from the bare conclusion that the Plaintiff's Musical allegedly has been "infringed," however, the FAC contains no allegations as to ***what*** is supposedly infringing.  Plaintiff has not alleged a single fact indicating that similarities of original protectable expression exist between the works under which the extrinsic test could be satisfied.

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 17
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1      Plaintiff's allegations are patently insufficient to state a claim for copyright

2  infringement under such cases as *Benay*, *Funky Films*, *Kouf*, *Berkic*, *Olson*, *Litchfield*, and

3  *Wild* are patently insufficient to support a claim – ***especially given Plaintiff's repeated***

4  ***assertions that ZORRO, the central character in both side's works, is supposedly in the***

5  ***public domain***.  FAC ¶¶ 7-12, 22.  The copyright infringement claim set forth in the FAC does

6  not approach "plausible" under the Ninth Circuit's rules for determining substantial similarity

7  under the extrinsic test.  The First Claim for copyright infringement should be dismissed.

8      **B.      Claim Two – Declaratory Relief: Plaintiff Failed to Satisfy the Jurisdictional Requirement of A Justiciable "Case Or Controversy"**

9

10      In federal court actions seeking declaratory relief, the issue of jurisdiction under Fed.

11  R. Civ. P. Rule 12(b)(1) is essentially the same as the question of whether the Complaint states

12  a claim for relief under Fed. R. Civ. P. Rule 12(b)(6), since both inquiries turn on whether the

13  case presents an "actual controversy."  The Declaratory Judgment Act, 28 U.S.C. § 2201,

14  provides that only "[i]n a case of actual controversy" a federal court "may declare the rights

15  and other legal relations of any interested party …."  *K-Lath v. Davis Wire Corp.*, 15 F. Supp.

16  2d 952, 957 (C.D. Cal. 1998) (*quoting* 28 U.S.C. § 2201(a)).  This "actual controversy"

17  requirement is identical to the jurisdictional "'case or controversy' requirement of Article III of

18  the United States Constitution."  *Societe de Conditionnement en Aluminium v. Hunter*

19  *Engineering Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (*citing Aetna Life Insur. Co. v. Haworth*,

20  300 U.S. 227, 239-40 (1937)); *K-Lath*, 15 F. Supp. 2d at 957-58.

21      To satisfy the therefore doubly essential requirement of a "case or controversy," the

22  "the facts alleged, under all the circumstances, [must] show that there is a substantial

23  controversy, between parties having adverse legal interests, of sufficient immediacy and reality

24  to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549

25  U.S. 118, 126-27 (2007).  Among other factors, courts look to whether there has been

26  "meaningful preparation" by the declaratory plaintiff to "conduct potentially infringing

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 18
NO. 2:13-CV-00449

LEGAL\16536058\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  activity." *Cat Tech, LLC v. Tubemaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008).  While a

2  party need not engage in actual infringement to request a declaration of non-infringement, the

3  party must show a "present activity which could constitute infringement or concrete steps

4  taken with the intent to conduct such activity."  *BP Chems. Ltd. v. Union Carbide Corp*., 4

5  F.3d 975, 978 (Fed. Cir. 1993); *Goodyear Tire & Rubber, Co. v. Releasomers, Inc.*, 824 F.2d

6  953, 955-56 (Fed. Cir. 1987).  The more elusive the potentially infringing activity, the more

7  likely that the case lacks the requisite immediacy.  *Sierra Applied Scis., Inc. v. Advanced

8  Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004).

9          Here, Plaintiff has alleged a real controversy ***in Germany*** concerning ***German***

10  ***intellectual property***.  However, for the reasons discussed in Section VII, *supra*, under

11  principles of *forum non conveniens* these claims should be dismissed in favor of the German

12  forum.  Additionally, insofar as the FAC purports to imply that any "case or controversy"

13  exists in the U.S. regarding U.S. intellectual property, the allegations of the FAC fall well-

14  short of establishing potentially infringing activity.  Plaintiff's FAC alleges that "Defendants

15  assert, and [Plaintiff] denies, that [Plaintiff's] [M]usical infringes ZPI's copyright and

16  trademark interests."  FAC ¶ 58.  While Plaintiff has alleged a disagreement in the United

17  States, nothing set forth in the FAC suggests he is making "meaningful preparation … to

18  conduct potentially infringing activity" here.  *Cat Tech*, 528 F.3d at 879.  The FAC fails to

19  identify a single instance in the last 13 years in which Plaintiff's Musical has been performed

20  in the United States. FAC ¶¶ 13-19.  The FAC furthermore fails to identify a single specific

21  act of preparation for the production of his work in the United States.  *Id*.  Plaintiff alleges that

22  he licensed his work to two theaters in Germany, thus giving rise to a controversy – in

23  Germany – regarding the infringement and validity of ZPI's German intellectual property

24  rights.  Such allegations do not create a case or controversy sufficient to invoke the jurisdiction

25  of this Court in the United States.

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 19
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

LEGAL\16536058\1

1

**C.      Claim Three – Injunctive Relief: A Request for Injunctive Relief is Not a Cognizable Claim**

2

Plaintiff's Third Claim, for "preliminary and permanent injunctive relief" (FAC ¶ 62)

3

alleges an entitlement to a remedy, not a legally cognizable claim.  Aside from incorporating

4

previous allegations, the entire Third Claim is consists of the following sentence: "Mr. Cabell

5

requests a preliminary and permanent injunction issue enjoining Defendants from making

6

asserting [sic] that Mr. Cabell's musical infringes upon any copyright, trademark, or other

7

intellectual property right owned by ZPI or any ZPI affiliate."  A bare request for injunctive

8

relief does not constitute a legally cognizable claim.  *See, e.g., Curtis v. Option One Mortg.*

9

*Corp.*,  2010 WL 599816, 13 (E.D. Cal. 2010) ("Under Federal law, an injunction is a remedy

10

to another claim or cause of action and not a claim or cause of action in and of itself.").  This

11

"claim" should be dismissed.

12

**D.      Claim Four – Trademark Cancellation: Plaintiff's Claim for Trademark Cancellation is Time Barred as a Matter of Law**

13

14

Plaintiff's Fourth Claim for trademark cancellation is time barred.  Plaintiff brought an

15

almost identical claim (in the form of his Petition to the TTAB) in in 2002, which he dismissed

16

two years later.  FAC ¶ 48; RJN, Exs. "A"-"C."[5]  His instant, renewed cancellation claim is

17

therefore barred by the statute of limitations and/or the doctrine of laches.  *See Jarrow*

18

*Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) (discussing the

19

applicability of statute of limitation and laches to dilatory Lanham Act claims).[6]  Because the

20

Lanham Act does not contain a statute of limitations, courts look to analogous state limitations

21

periods.  *Reed v. United Transp. Union*, 488 U.S. 319, 334 (1989).  If the plaintiff's claim

22

23

[5]  In the concurrently-filed Request for Judicial Notice, the ZPI Defendants request that the Court take judicial notice of, *inter alia*, Cabell's TTAB Petition, the Notice Withdrawing the Petition, and the Order of Dismissal. These are referenced by, but not attached to, the FAC.  FAC ¶ 48.  Courts can consider matters that are subject to judicial notice when deciding Rule 12(b)(6) motions.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

24

25

[6]  The Ninth Circuit has noted that "proper interplay between laches and the statute of limitations for Lanham Act claims is somewhat elusive."  *Jarrow Formulas*, 304 F.3d at 837. While there is some ambiguity regarding which standard to apply, Plaintiff's claim is time barred under both.

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 20
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

accrued outside that period, it is time barred by the statute of limitations. *See Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1395 (9th Cir.1993); *Beauty Time, Inc. v. VU Skin Systems, Inc*., 118 F.3d 140 (3d Cir. 1997). Similarly, for the purposes of laches, courts presume that a claim is time barred if it is not filed within the statute of limitations but also consider whether (a) plaintiff's delay was reasonable, and (b) defendant would suffer prejudice. *See Jarrow Formulas*, 304 F.3d at 838.

Here, Plaintiff's trademark cancellation claim in the FAC is barred by the statute of limitations. Because Plaintiff seeks cancellation on the grounds that ZPI fraudulently obtained trademark registrations, Washington's three year statute of limitation for fraud claims is applicable. FAC ¶¶ 64-65; *Official Airline Guides*, 6 F.3d at 1395 (claim under Lanham Act for fraudulently procured registration was analogous to state fraud claim); RCW 4.16.080(4) (three year statute of limitations on fraud claims in Washington). However, Plaintiff brought a nearly identical action, based on the same arguments, in 2002 – ***more than ten years ago***. FAC ¶ 48. In his April 19, 2002, TTAB Petition, Plaintiff sought to cancel six Zorro-related trademarks owned by ZPI. *See* RJN, Ex. "A." The instant action also seeks to cancel six Zorro related trademarks – five of which were the subject of Cabell's prior Petition. Plaintiff's TTAB Petition argued that ZORRO allegedly is in the copyright public domain and that therefore Plaintiff's trademarks should be cancelled. These are the same claims that he alleges in the FAC. Because Plaintiff clearly knew of these claims more than three years ago, yet failed to commence this action earlier, his cancellation claim is barred by the applicable statute of limitations.[7]

Alternatively, the Court should dismiss this claim under the doctrine of laches. Because Plaintiff filed his claim outside the applicable statute of limitations, laches

---

[7] While Plaintiff's 2002 TTAB Petition did not seek the cancellation of Reg. No. 1,912,515, the petition and the allegations of fraud certainly put Plaintiff on notice of all acts which a reasonable inquiry would have uncovered at the time. *Malone v. Clark Nuber, P.S.*, 2008 WL 2545069 (W.D. Wash. 2008). A reasonable inquiry would have necessarily resulted in notice to Plaintiff of Reg. No. 1,912,515, the application for which was filed in 1993. FAC ¶ 28.

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 21
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1    presumptively bars the claim. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946 (9th Cir.

2    2012) ("'If any part of the alleged wrongful conduct occurred outside of the limitations period,

3    courts presume that the plaintiffs' claims are barred by laches.'") (citation omitted); *Baker v.*

4    *Spokane Sav. Bank*, 71 F.2d 487, 488 (9th Cir. 1934) (dismissal appropriate where claim "on

5    its face shows laches.").   Furthermore, the other equitable considerations (including whether

6    Plaintiff was diligent and/or whether the lack of diligence prejudiced ZPI) overwhelming

7    support applying laches to dismiss his cancellation claim.   The FAC acknowledges that

8    Plaintiff brought the 2002 USPTO cancellation Petition.  FAC ¶ 48.  As set forth above,

9    Plaintiff's 2002 TTAB Petition relates to almost exactly the same trademarks that are the

10   subject of this 2013 lawsuit.  Plaintiff's FAC fails, however, to offer any explanation as to

11   why, after dismissing the TTAB Petition in 2004, Plaintiff waited nearly a decade to file the

12   instant action. *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119-120 (9th Cir. 1980)

13   (granting a motion to dismiss where plaintiff "[did] not allege any facts [] tending to excuse his

14   failure to discover [defendant's] misconduct for a period of twenty-four years").  Moreover, the

15   FAC inferentially alleges that ZPI has been prejudiced by Plaintiff's delay because of its

16   detrimental reliance in using the challenged trademark registrations to "buil[d] a licensing

17   empire." FAC at 2:13.  Plaintiff's Fourth Claim for cancellation is therefore barred by laches

18   and should be dismissed.

19       **E.**   <u>**Claims Five and Six – Tortious Interference and Fraud**</u>**: Plaintiff's Claims
            for Tortious Interference and Fraud are Barred by the Litigation Privilege
20          and, in any event, Do Not Allege Injury to Plaintiff**

21       Both Plaintiff's Fifth Claim for tortious interference and his Sixth Claim for fraud fail

22   to state a claim because the acts complained of were privileged.  Plaintiff's tortious

23   interference and fraud claims turn on correspondence that ZPI sent theaters in Germany.

24   While Plaintiff avers that those letters constitute tortious interference and fraud, they are

25   expressions of legal positions that preceded the filing of legal actions in Germany and are

26   privileged. Gertz Decl. ¶¶ 14, 16.  They cannot, therefore, give rise to a claim of tortious

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 22
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1    interference or fraud. *See, e.g., Singer Credit Corp. v. Mercer Island Masonry Inc.*, 13 Wash.

2    App. 877, 884, 538 P.2d 544, 549 (1975); Restatement (First) of Torts § 773 (1939) ("One is

3    privileged purposely to cause another not to perform a contract, or enter into or continue a

4    business relation, with a third person by in good faith asserting or threatening to protect

5    properly a legally protected interest of his own which he believes may otherwise be impaired

6    or destroyed by the performance of the contract or transaction.").

7    Even if the cease and desist letters were not privileged (they are), Plaintiff's Fifth and

8    Sixth Claims must be dismissed because they both fail to allege critical elements – interference

9    and injury.  Plaintiff's FAC is notably fails to aver that ZPI's cease and desist letters had any

10   effect whatsoever on the theaters in Germany.  This is because, as Plaintiff knows, the letters

11   did not interfere with Plaintiff's relationships with the German theaters and the theaters did not

12   rely on any statements set forth therein.  Gertz Decl. ¶ 16.  Rather, the theaters refused to cease

13   production of Plaintiff's Musical and ZPI was forced to petition courts in German for

14   assistance.  *Id.*  At most, Plaintiff has alleged attempted tortious interference, which is not a

15   legally cognizable claim.

16   As noted in *Leingang v. Pierce County Medical Bureau, Inc.*, 131 Wash.2d 133, 157,

17   930 P.2d 288 (1997), a tortious interference claim necessitates a "breach or termination of [a]

18   relationship."  Similarly, to maintain a claim for fraud, a plaintiff must allege that facts that, if

19   proven, would establish that the plaintiff suffered damages.  *Stiley v. Block*, 130 Wash.2d 486,

20   925 P.2d 194 (1996).  Here, Plaintiff alleges merely that the ZPI Defendants attempted to

21   interfere with licenses between Plaintiff and two theaters in Germany (FAC ¶¶ 70-73) and that

22   Plaintiff's made misrepresentations to those German theaters (FAC ¶¶ 78-80).  Notably,

23   Plaintiff does not allege that performance under either license has been impaired.  *Id.*

24   Plaintiff's conclusion, tacked onto the end of each claim, that he "suffered substantial financial

25   damage," must be disregarded.  *Id.*, ¶ 76; *Iqbal*, 556 U.S. at 663.  His failure to allege these

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 23
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

LEGAL\16536058\1

claim elements requires the dismissal of his Fifth and Sixth claims for tortious interference and fraud, respectively.

**F.   Claim Seven – Washington Consumer Protection Act:  Plaintiff's CPA Claim Fails to Adequately Allege a Public Interest**

To prevail on his CPA claim, Plaintiff must show: (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) a public interest; (4) injury in his business property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986). Failure to satisfy any one of the elements is fatal to a CPA claim.  *Id.* at 794–95, 719 P.2d 531.  Here, the FAC's allegations of "public interest" are insufficient to satisfy the required element of a CPA claim.  The private dispute between Plaintiff and ZPI regarding the ownership of ZORRO related works is not alleged to be, and actually is not, a matter of public interest in Washington.  The FAC generally alleges "the public is precluded from new works of art," but does not even allege Plaintiff himself has displayed his "works of art" to the citizens of Washington state, let alone allege anyone else is doing so.  FAC ¶ 85.  Plaintiff also fails to allege facts that would make a CPA violation plausible, where the FAC lacks "sufficient factual matter" to support his claim to have suffered significant injury from unfair or deceptive trade practices.  *Iqbal*, 556 U.S. at 663.

**IX.   CONCLUSION**

For all of the foregoing reasons, the ZPI Defendants respectfully ask the Court to dismiss all of Plaintiff's claims in their entirety against ZPI and Gertz on the grounds of lack of personal jurisdiction, *forum non conveniens*, and failure to allege facts sufficient to state a claim for relief.

///

///

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1     DATED this 16th day of May, 2013.

2                                   LATHROP & GAGE LLP

3

4                                   By: */s/ David Aronoff*
                                         David Aronoff (admitted pro hac vice)
5                                        Email:  daronoff@lathropgage.com

6                                   Jeff Grant (admitted pro hac vice)
                                    Email:  jgrant@lathropgage.com
7                                   1888 Century Park East, Suite 1000
                                    Los Angeles, CA 90067
8                                   Telephone: 310-789-4600
                                    Facsimile: 310-789-4601
9
                                    COZEN O'CONNOR
10
                                    Michael D. Handler, WSBA No. 25654
11                                  Email:  mhandler@cozen.com
                                    1201 Third Avenue, Suite 5200
12                                  Seattle, WA  98101
                                    Telephone: 206.340.1000
13                                  Toll Free Phone: 1.800.423.1950
                                    Facsimile: 206.621.8783
14
                                    Attorneys for Defendant(s) Zorro Productions,
15                                  Inc. and John Gertz

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 25
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

LEGAL\16536058\1

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on May 16, 2013, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system which will send notification of such

4   filing to all counsel of record.

5          DATED this 16th of May, 2013

6

7                                    By: */s/ Marcella Stone-Vekich*
                                         Marcella Stone-Vekich, Legal Assistant to
8                                        Michael D. Handler, WSBA No. 25654

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO DISMISS OF DEFENDANTS ZORRO
PRODUCTIONS INC. AND JOHN GERTZ - 26
NO. 2:13-CV-00449

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000