THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. CABELL,

   Plaintiff,

   v.

ZORRO PRODUCTIONS, INC., JOHN GERTZ, and STATE ENTERTAINMENT LICENSED PRODUCTIONS,

   Defendants.

No. 2:13-cv-00449-RSM

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC. AND JOHN GERTZ

NOTE ON MOTION CALENDAR: JUNE 21, 2013

I, John Gertz, declare as follows:

1. I am the President of Defendant Zorro Productions, Inc. ("ZPI"). I have held this position since 1986. I have personal knowledge of the following facts, and/or knowledge gained through my review of ZPI's corporate records, and if called to testify in this matter, I could and would competently testify thereto.

**Background of ZPI's Rights to ZORRO**

2. ZPI is the worldwide proprietor of the trademark ZORRO – based on the well-known masked character who first appeared in the stories of Johnston McCulley ("McCulley"). ZPI also owns numerous copyrights pertaining to ZORRO. ZPI is in the business of, among other things, licensing these rights for use in numerous categories of

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC. AND JOHN GERTZ - 1
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

works, products and merchandise – including such popular works of entertainment as the movies THE MASK OF ZORRO and THE LEGEND OF ZORRO, and the novel ZORRO ("the Allende Novel"), which was written by the famous novelist Isabelle Allende ("Allende"). Through the efforts of ZPI and its predecessors, ZORRO has been licensed for use in numerous motion pictures, television series and commercials, as well as a variety of comic books, toys and other assorted items of ZORRO merchandise.

3. ZPI's rights in ZORRO stem directly from McCulley, who wrote a series of more than sixty stories, first published in 1919, creating and featuring the fictional legendary masked hero who wields his sword in defense of the oppressed and against the evil Spanish-run government of Old California. On July 26, 1949, McCulley expressly assigned to ZPI's predecessor, my father Mitchell Gertz (then a well-known Hollywood literary agent), certain exclusive rights "in and to the use of the name 'Zorro' and to the character 'Zorro'" and also assigned to him the copyrights in and to certain stories involving ZORRO. At about the same time, McCulley also entered into several ancillary agreements with Mitchell Gertz, assigning him rights in specific additional ZORRO stories. In or about 1986, all of the rights and goodwill in ZORRO were transferred to ZPI.

4. ZPI is not directly involved in the theatrical musical ZORRO, THE MUSICAL ("the ZLL Musical"), which was recently produced in Atlanta, Georgia. Rather, the rights to the ZLL Musical are owned and controlled by Zorro London Limited ("ZLL"), which is based in London, England and is organized under the laws of the U.K. Although I am an officer of ZLL, ZPI and ZLL are separate companies with different ownership. Rights to perform the ZLL Musical in the United States were granted by ZLL to Stage Entertainment USA Inc. ("SEUSA"), a New York subsidiary of defendant Stage Entertainment Licensed Productions ("SELP"). In addition to Atlanta, the ZLL Musical has been performed in London, Tokyo, Paris, and elsewhere. ZPI's dealings with SEUSA and ZLL regarding the ZLL Musical

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 2
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

involved communications between ZPI's offices in California, SEUSA's offices in New York and ZLL's offices in London.

**Plaintiff's Decade's Long Dispute with ZPI**

5. Plaintiff initially sought to license ZORRO rights from ZPI, but more recently has repeatedly attacked ZPI and its portfolio of intellectual property. I first met Plaintiff in or around 1996, when he was trying to license certain ZORRO rights from ZPI. Plaintiff represented that he wanted to produce a ZORRO-related musical and wanted a license from ZPI to do so. In furtherance of our discussions, in or around 1996, I personally met with Plaintiff at his apartment in New York. Ultimately, ZPI decided not to enter into a license agreement with Plaintiff.

6. Plaintiff did not, however, give up on his efforts to stage a ZORRO musical. In or around 2000, Plaintiff produced a ZORRO musical in Eugene, Oregon. I understand that that production was conducted over a weekend in a high school gymnasium and featured a total of three or four performances. ZPI learned about the production and believed it to infringe ZPI's rights but, given the size of the production, decided that it was not worth the legal costs and expenses to mount a challenge. While Plaintiff alleges in his First Amended Complaint that the production was "widely acclaimed," I am unaware of a single instance in which a performance was even reviewed.

7. In 2002, Plaintiff filed a Petition with the United States Patent and Trademark Office ("USPTO") seeking to cancel six "Zorro" trademarks that were owned and controlled by ZPI. Plaintiff's Petition sought the cancellation of ZPI's U.S. Trademark Registrations No. 1,524,207 (ZORRO – pre-recorded audio cassette tapes and story books), Reg. No. 1,731,743 (ZORRO – entertainment services in a television series), Reg. No. 2,198,032 (ZORRO – entertainment information via global computer network), Reg. No. 2,198,254 (ZORRO – entertainment in the nature of theater productions), Reg. No. 2,239,219 (ZORRO – pre-recorded cassettes and digital discs featuring music and entertainment), and Reg. No.

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 3
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  2,296,302 (ZORRO – newspapers, books and magazines regarding a fictional character).  A true and correct copy of Plaintiff's 2002 Petition is attached to the concurrently-filed Request for Judicial Notice as Exhibit "A."

8. Ultimately, Plaintiff gave up on his Petition to cancel ZPI's marks.  Specifically, on October 4, 2004, Plaintiff withdrew the Petition.  A true and correct copy of Plaintiff's withdrawal is attached to the concurrently-filed Request for Judicial Notice as Exhibit "B."  In an Order dated October 14, 2004, a true and correct copy of which is attached to the Request for Judicial Notice as Exhibit "C," Plaintiff's Petition was formally dismissed by the USPTO.

9. After Plaintiff abandoned his USPTO petition, ZPI continued to dedicate substantial resources to licensing its ZORRO-related trademarks, including the same trademarks that Plaintiff sought to cancel in his USPTO petition and again in this lawsuit.  ZPI would not have done so had Plaintiff prevailed in his Petition to cancel these trademarks.

**Personal Jurisdiction**

10. I am a resident of Berkeley, California and have lived in California continuously since 1981.  Similarly, ZPI is a California corporation with its principal place of business in Berkeley, California.  ZPI has never maintained an office or other formal presence in Washington.

11. Neither ZPI nor I own or hold any assets located in Washington.  Neither of us has ever paid taxes in Washington or filed a lawsuit in Washington.  ZPI is not incorporated or qualified to do business in Washington and it has no registered agent for service of process in the State.   Neither ZPI nor I hold inventory, goods, products, equipment, materials or other assets in Washington and neither of us conducts advertising in the State.  Neither ZPI nor I maintain offices, facilities or other places of business in Washington.  Neither of us has telephone numbers, mailing addresses, bank accounts, or other tangible personal or real

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 4
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

property in Washington. Both my and ZPI's records and files are located in California, not Washington.

12. I do not personally own any of the intellectual property rights associated with ZORRO. Rather, all of those assets are owned, controlled and licensed by ZPI. Thus, when I sign ZORRO licenses, it is not in my individual capacity, but as a representative of ZPI. In every instance in which I was referenced in Plaintiff's First Amended Complaint, I was acting on behalf of ZPI and not in my personal capacity.

13. When ZPI licensed to Allende the rights to write the Allende Novel, my role in negotiating and executing that license was as the President of ZPI and on ZPI's behalf. Furthermore, neither ZPI nor I had any involvement in whether, and/or to what extent, the Allende Novel was distributed in Washington. If the Allende Novel was distributed in Washington, it was not the result of any conduct by ZPI or me. Rather, it was Allende who made the deal with the book publisher HarperCollins to distribute the Allende Novel and HarperCollins handled the distribution of the book with no involvement by ZPI or myself. All of ZPI's dealings with Allende regarding the Allende Novel involved communications within California, where ZPI, Allende and I resided.

14. None of the activities giving rise to this lawsuit have taken place within the State of Washington. The First Amended Complaint references certain correspondence to and from ZPI regarding two German theaters' production of a Zorro musical. Unfortunately, while it quotes liberally from the correspondence, the First Amended Complaint fails to actually attach copies. I will do so as follows:

 a. 2/20/2013 Email – In Paragraph 39 of the First Amended Complaint, Plaintiff cites to a February 20, 2013 email from me to Marcel Krohn, the Director of the Clingenberg Festspiele. While Plaintiff cites portions of the email, he did not attach a copy to the First Amended Complaint. Attached to the concurrently-filed Request for Judicial Notice

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 5
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

as Exhibit "D" is a true and correct copy of the February 20, 2013 email from me to Mr. Krohn that is cited in Paragraph 39 of the First Amended Complaint.

      b.      <u>2/21/2013 Letter</u> – Paragraph 40 of the First Amended Complaint references and cites to a February 21, 2013 letter from Susan Berger, ZPI's General Counsel and V.P. of Legal Affairs, to Mr. Krohn.  Again, while the First Amended Complaint quotes from the letter, it fails to attach a copy.  Attached to the Request for Judicial Notice as Exhibit "E" is a true and correct copy of the February 21, 2013 letter referenced in Paragraph 40 of the First Amended Complaint.  The letter reflects ZPI's assertion of German intellectual property rights against the infringing German production.

      c.      <u>2/22/2013 Email</u> – Paragraph 41 of the First Amended Complaint references a February 22, 2013 email from Willem Metz, ZPI's Dutch theatrical agent, to Bettina Migge, Plaintiff's German theatrical agent.  A true and correct copy of that email is attached to the Request for Judicial Notice as Exhibit "F."

      d.      <u>3/21/2013 Letter</u> – Paragraph 45 of the First Amended Complaint references and cites from a March 21, 2013 letter from ZPI to Johannes Dostert, the Managing Director of the Villa Fuchs theatre.  Attached to the Request for Judicial Notice as Exhibit "G" is a true and correct copy of the March 21, 2013 letter referenced in Paragraph 45 of the First Amended Complaint.  Again, the letter reflects ZPI's assertion of German intellectual property rights against the infringing German production.

### *Forum Non Conveniens*

15.      Because copyright and trademark laws are national in scope and vary from country to country, ZPI has retained counsel and has otherwise taken steps to secure its rights in ZORRO in many countries around the globe.  Without limitation, ZPI has numerous European Union Community Trade Marks ("CTM") and Madrid Protocol International Trademark Registrations that are effective in Germany.  Attached hereto as Exhibit 1 is a chart that reflects the numerous registered trademarks owned by ZPI that are enforceable in

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 6
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

Germany. As set forth in that chart, ZPI owns three registered trademarks in Class 41, which relates to entertainment and cultural activities. These Class 41 marks are CTM 5399787 for "ZORRO" (word), CTM 1710474 (ZORRO face) and International Registration No. 576107 (ZORRO horse/rider).

16. To protect ZPI's rights under German law, ZPI recently initiated lawsuits in Germany against two theaters, Clingenburg Festspiele and Villa Fuchs, both of which had announced plans to produce Plaintiff's Musical. In each of these cases, ZPI is seeking a preliminary injunction against the theaters to: (1) desist from presenting a musical involving the story and/or character of "Zorro" as created by Johnston McCulley; and (2) desist from presenting, offering and/or advertising a musical in Germany under the name Z – THE MUSICAL OF ZORRO (as well as certain other names containing the word "Zorro"). The Landgericht (Regional Court) Saarbrücken, where the Villa Fuchs case is pending, conducted an oral hearing on May 15, 2013. In the Clingenburg Festspiele case, the Landgericht (Regional Court) Nürnberg-Fürth is scheduled to conduct an oral hearing on May 22, 2013.

17. True and correct copies of ZPI's preliminary injunction papers from the pending Clingenburg Festspiele and Villa Fuchs actions in Germany are attached hereto as Exhibits 2 and 3 respectively. Both of the German theaters named in the aforementioned legal actions have retained German attorneys and filed oppositions.

18. Plaintiff has numerous representatives in Germany. In addition to the theaters that licensed Plaintiff's work, Plaintiff is represented by a German theatrical agent, Bettina Migge. Ms. Migge has, furthermore, retained an attorney to defend Plaintiff's right to license Plaintiff's Musical in Germany.

19. Both ZPI and I are willing and agree to accept service of process for a lawsuit in Germany brought by Plaintiff relating to the production of Plaintiff's Musical in Germany.

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 7
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1  I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed by me in Berkeley California, on May 16, 2013.

JOHN GERTZ

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 8
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 16th of May, 2013

By: */s/ Marcella Stone-Vekich*
Marcella Stone-Vekich, Legal Assistant to
Michael D. Handler, WSBA No. 25654

DECLARATION OF JOHN GERTZ IN SUPPORT OF MOTION
TO DISMISS OF DEFENDANTS ZORRO PRODUCTIONS, INC.
AND JOHN GERTZ - 9
NO. 2:13-CV-00449
LEGAL\16534004\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000