The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. CABELL, <br><br> Plaintiff, <br><br> vs. <br><br> ZORRO PRODUCTIONS, INC., JOHN GERTZ, and STAGE ENTERTAINMENT LICENSED PRODUCTIONS, <br><br> Defendants. | No. 2:13-cv-00449 <br><br> MOTION FOR LEAVE TO ENGAGE IN JURISDICTIONAL DISCOVERY <br><br> NOTE ON MOTION CALENDAR: JUNE 7, 2013 |

## **INTRODUCTION**

Plaintiff Robert W. Cabell ("Mr. Cabell") respectfully moves the Court for an order granting him 90 days to conduct limited discovery on the personal jurisdiction issues raised by Defendants Zorro Productions, Inc., and John Gertz (collectively, "ZPI") in their motion to dismiss (Ct. Dkt. 20).[1] Such discovery is within the Court's discretion, it is often granted, and it is appropriate here.

---

[1] Contemporaneously with filing this motion, Mr. Cabell has filed a motion to continue the hearing on Defendants' motion, which is currently scheduled for June 21, 2013. In his continuance motion, Mr. Cabell asks that following the requested 90-day day discovery period, the Court grant him twenty days to file his opposition to Defendant's motion to dismiss.

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 1

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

# FACTS

This is a dispute over intellectual property rights to the well-known fictional character "Zorro." ZPI claims to own all of the rights related to Zorro and has obtained numerous copyright and trademark registrations for the character despite the fact that all possible intellectual property rights passed into the public domain nearly two decades ago. Mr. Cabell is the author of a musical based on the Zorro works that are in the public domain.[2]

After ZPI threatened Mr. Cabell's licensees with legal action, Mr. Cabell initiated this litigation on March 13, 2013, to obtain (i) a judgment that his Zorro musical does not violate any intellectual property rights held by defendants; (ii) a preliminary and permanent injunction against defendants prohibiting them from making claims that Mr. Cabell's Zorro musical infringes any of defendants' intellectual property rights; (iii) cancellation of defendants' federal trademark registrations for the mark ZORRO as it relates to literary works, visual arts and performing arts; and (iv) monetary damages.[3]

On April 8, Mr. Cabell filed an amended complaint.[4]

On May 16, Defendants filed a motion to dismiss Mr. Cabell's amended complaint for lack of personal jurisdiction alleging they have no contacts with Washington, and controverting the facts alleged in Mr. Cabell's amended complaint.[5]

---

[2] *See* First Amended Complaint for Declaratory Judgment, Cancellation of Federal Trademark Registrations, Injunctive Relief, and Monetary Damages (Ct. Dkt. 8) ("Amended Complaint") at 1:21-3:6; Mot. to Dismiss of Defs. Zorro Productions Inc. and John Gertz (Ct Dkt 20) ("Defs.' Mot.") at 2:16-24.

[3] *See* Complaint for Declaratory Judgment, Cancellation of Federal Trademark Registrations, Injunctive Relief, and Monetary Damages (Ct. Dkt. 1).

[4] *See* Amended Complaint.

[5] *See* Defs.' Mot.

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 2

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

# ARGUMENT

### A. The Court Should Grant Plaintiff Leave to Obtain Jurisdictional Discovery.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the court has discretion to allow a plaintiff to conduct jurisdictional discovery. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003) (holding the district court abused its discretion in denying a motion of jurisdictional discovery). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008). "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Miles v. Shanghai Zhenhua Port Mach. Co., Ltd.*, 2009 WL 2473482 at *3 (W.D. Wash. 2009), *citing El-Fadl v. Cent. Bank of Jordan,* 75 F.3d 668, 676 (D.C. Cir. 1996). If a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified. *Id.*, *citing GTE New Media Services Inc. v. BellSouth Corp.,* 199 F.3d 1343, 1351 (D.C. Cir. 2000).

It is common for courts in this District to grant requests for jurisdictional discovery. *See*, *e.g.*, *Varnau v. General Motors of Canada, Ltd.*, 2010 WL 1816650 at *3 (W.D. Wash. 2010); *Miles v. Shanghai Zhenhua Port Mach. Co., Ltd.*, 2009 WL 2473482 (W.D. Wash. 2009); *Tuttle v. Funmobile Games, Inc.*, 2007 WL 3171433 (W.D. Wash. 2007); *Misfud v. Tyco Valves and Controls*, 2006 WL 3692657 (W.D. Wash. 2006) (granting leave to conduct jurisdictional discovery in cases involving copyright and trademark claims).

In *Varnau*, for example, the court described a situation nearly identical to the one at bar, and granted plaintiff's motion for jurisdictional discovery:

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 3

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

> Defendant has submitted an affidavit of a long-time employee, stating that [Defendant] does not do, and has never done, business in the State of Washington. Mr. Crossley explains that at the time of the fatal accident, … Chevrolet vehicles assembled in Canada by [Defendant] were distributed in the United States by General Motors Corporation. [Defendant] did not in any way determine or control that distribution; that determination was, prior to the bankruptcy, made entirely by General Motors Corporation. Certification for compliance with United States safety standards were the sole responsibility of General Motors Corporation.
>
> These statements appear to establish that [Defendant] neither took nor directed any purposeful actions toward Washington. <u>However, Mr. Crossley's statement that [Defendant] does not "do business" in the State of Washington is a legal conclusion, not a fact, and is not conclusive on this issue.</u> Plaintiff has asked for leave to conduct jurisdictional discovery to allow him an opportunity to determine relevant facts which would subject [Defendant] to the jurisdiction of this Court. <u>In order to afford plaintiff an opportunity to meet his burden of proving jurisdictional facts, the Court will allow this limited discovery.</u>

*Varnau*, 2010 WL 1816650 at *3 (citations omitted; emphasis added).

Mr. Cabell similarly should be allowed an opportunity to establish jurisdictional facts after conducting discovery on the issues Defendants have raised.

**B.   Through Jurisdictional Discovery, Plaintiff Can Supplement the Factual Basis Supporting the Court's Jurisdiction.**

Defendants' motion to dismiss acknowledges that "ZPI is in the business of, among other things, securing and owning various copyrights and trademarks pertaining to ZORRO and licensing these rights for use in numerous categories of works, products and merchandise – including such popular works of entertainment as the movies THE MASK OF ZORRO and THE LEGEND OF ZORRO, and the novel ZORRO. . . ."[6] Defendants also acknowledge that "it is possible that ZORRO works authorized by ZPI have been distributed or exhibited by third parties in Washington. . . ."[7] In reality, works of all kinds – movies, books, action figures and more – incorporating defendants' purported copyrights and trademarks have been sold

---

[6] *Id*. at 2:19-24.

[7] *Id*. at 3:8-10.

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 4

ATKINS IP
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

throughout the State of Washington for decades. The exact nature of these sales can only be learned through discovery, as such information is only available through defendants.

Despite these obvious business dealings in Washington, defendants make the repeated conclusory statements that "ZPI played no role in distributing such works" and that any distribution or sales within Washington of goods incorporating defendants' purported copyrights and trademarks are "not the result of any conduct by ZPI or Gertz."[8] Plaintiff is entitled to examine the factual basis for these legal conclusions.

Even if ZPI itself does not conduct business in Washington (a legal conclusion Plaintiff is entitled to explore), ZPI's status as a licensor of the ZORRO trademark and copyrights to licensees doing business in Washington may make this Court's exercise of personal jurisdiction appropriate. A licensor can be subject to personal jurisdiction in a forum state where the licensor has a relationship with a licensee headquartered or doing business in the forum state. S*ee*, *e.g.*, *Breckenridge Pharmaceuticals Inc. v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006). A licensor also is subject to personal jurisdiction if the license agreement provides that both the licensor and licensee are required, and have the right, to litigate infringement claims. *Id*. at 1364. Additionally, where there is an agreement for the licensor to indemnify the licensee for any third-party infringement action, a licensor is subject to the court's jurisdiction. *Id*. at 1365. Lastly, where the licensor exercises control over the licensee's sales or marketing activities, the exercise of jurisdiction may also be appropriate. *Id*. at 1366.

Mr. Cabell requests leave to conduct jurisdictional discovery through requests for production of documents and through Federal Rule of Civil Procedure 30(b)(6) depositions. Such discovery would explore:

---

[8] *Id*. at 3:7-15.

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 5

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

- The nature and extent of sales in Washington of ZORRO goods and services by ZPI and ZPI's licensees, distributors, and vendors;

- ZPI's expenditure of funds to advertise ZORRO goods and services in Washington;

- The contractual licensing arrangement between ZPI and its distributors, licensees, and/or vendors for the sale of ZORRO goods and services in Washington;

- The obligation of ZPI's licensees, distributors, and vendors to report to, obtain approval from, and account to ZPI relating to ZORRO goods and services sold in Washington;

- ZPI's direction of its licensees to sell ZORRO goods or services in Washington;

- ZPI's right or obligation to monitor or control its licensees' use of its copyrights and trademarks in connection with the sale of ZORRO goods and services in Washington;

- ZPI's right or obligation to monitor or control the quality of ZORRO goods and services sold in Washington by its licensees, distributors, or vendors;

- ZPI's participation in Washington in the sale or distribution of ZORRO goods and services;

- ZPI's control over its licensees, distributors, and vendors regarding what ZORRO goods or services are marketed and sold in Washington;

- ZPI's direction of its licensees in their day-to-day activities relating to sales in Washington of ZORRO goods and services; and

- ZPI's relationship as agent with any of its licensees doing business in Washington.

Information from ZPI's business and licensing relationships will be integral to determining ZPI's minimum contacts with Washington.

## **CONCLUSION**

For these reasons, Mr. Cabell respectfully requests the Court to issue an order granting him leave to conduct jurisdictional discovery.

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 6

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

1     DATED this 23rd day of May, 2013.

2

3                            By /s/ Greg Latham
                               Greg Latham
                               *Admitted Pro Hac Vice*
4                                Intellectual Property Consulting
                               201 St. Charles Avenue
                               New Orleans, LA 70170
5                                T:(504) 322-7166/F:(504) 322-7184
                               E-mail: glatham@iplawconsulting.com
6                                Attorneys for Plaintiff

7

8                            By /s/ Michael G. Atkins
                               Michael G. Atkins
9                                WSBA# 26026
                               Atkins Intellectual Property, PLLC
10                           93 South Jackson Street #18483
                               Seattle, WA 98104-2818
11                           T (206) 628-0983/F (206) 299-3701
                               E-mail: mike@atkinsip.com
12                           Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 7

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I served a true and correct copy of the document as follows:

| | |
|---|---|
| David Aronoff<br>Jeffrey Grant<br>Lathrop & Gage LLP<br>1888 Century Park East, Suite 1000<br>Los Angeles, CA 90067-1623<br><br>Michael D. Handler<br>Cozen O'Connor<br>1201 Third Avenue, Suite 5200<br>Seattle, WA 98101<br><br>Attorneys for Defendants | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Express Mail<br>☐ Facsimile<br>☐ Email<br>☒ ECF |

Dated:  May 23, 2013

s/Michael G. Atkins
Michael G. Atkins
WSBA #26026
mike@atkinsip.com
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818

MOTION FOR LEAVE TO ENGAGE IN
JURISDICTIONAL DISCOVERY -- 8

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701