THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. CABELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ZORRO PRODUCTIONS, INC., JOHN GERTZ, and STATE ENTERTAINMENT LICENSED PRODUCTIONS,<br><br>    Defendants. | No. 2:13-cv-00449-RSM<br><br>DEFENDANT ZORRO PRODUCTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>AUGUST 9, 2013 |

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## I. INTRODUCTION

The Court did not grant Plaintiff leave to issue intrusive third-party subpoenas demanding information about ZPI's confidential business dealings in areas unrelated to the issue of personal jurisdiction. The Court furthermore did not grant Plaintiff – a long-time adversary and would-be competitor – the right to *personally* review ZPI's highly confidential business information. Plaintiff's discovery demands go far beyond the issue of personal jurisdiction and would competitively disadvantage ZPI. The subpoenas should be quashed or, in the alternative, the Court should enter a two-tiered protective order.

ZPI fully and fairly answered discovery that concerned personal jurisdiction discovery relevant to the Motion to Dismiss brought by ZPI and co-defendant John Gertz. ZPI answered interrogatories regarding, *inter alia*, products ZPI has shipped into Washington (none), ZPI's physical presence in Washington (none), ZPI's property holdings in Washington (none) and license agreements that specifically license sales in Washington separate and apart from a nationwide grant of rights (none). ZPI also produced the single agreement it entered into with a Washington licensee, and is willing to produce a witness to testify about ZPI's contacts with Washington. ZPI cannot, however, stand back while Plaintiff uses this litigation as a vehicle to harass ZPI's licensees and acquire highly sensitive business information that has absolutely no relevance to this Court's jurisdiction over ZPI and Gertz.

## II. ARGUMENT

### A. Information Regarding ZPI's Licenses With Third Parties Is Not Relevant to Personal Jurisdiction

Plaintiff's Opposition goes to great lengths to assail ZPI.[1] It fails, however, to explain how Plaintiff's subpoenas seek information relevant to whether this Court has personal

---

[1] Cabell's baseless accusations of "fraud" do nothing to show that his subpoenas are relevant to personal jurisdiction. Moreover, to attack ZPI, Cabell quotes heavily from a district court decision without acknowledging *that it has been vacated*. *Sony Pictures Ent't, Inc. v. Fireworks Ent't Group, Inc.*, 137 F.Supp.2d 1177 (C.D. Cal. 2001), *vacated by* 2002 WL 32387901 (C.D. Cal. Nov. 05, 2002).

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 1
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

jurisdiction over ZPI and/or Gertz.  If the information sought by Plaintiff has any relevance to personal jurisdiction whatsoever, it relates to whether the Court has *general* jurisdiction over ZPI's *licensees*.  For the purposes of deciding the Motion to Dismiss, however, the Court will only need to decide whether it has *specific* jurisdiction over ZPI and Gertz.

Briefly, general jurisdiction exists were a non-resident defendant "engage[s] in 'continuous and systematic general business contacts,' that 'approximate physical presence' in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citations omitted).  Because ZPI has no assets, offices, properties, or other holdings in Washington, general jurisdiction is not at issue. Plaintiff does not and cannot argue otherwise.

Relevant here is specific jurisdiction, which exists where the claims arise from or relate to a defendant's conduct within the jurisdiction. *Schwarzenegger*, 374 F.3d at 801.  A claim is said to arise out of a defendant's contacts with the forum when the claim would not have arisen "but for" those contacts. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1988). The cases relied upon by Plaintiff, including *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356 (Fed. Cir. 2006), involve *specific jurisdiction* and analyze forum-related activity that gave rise to the claims at issue, not unrelated acts.

To ascertain whether Plaintiff's subpoenas seek information that is relevant to the issue of specific jurisdiction, the starting point is the factual allegations of his pleading.  Here, the claims in Plaintiff's First Amended Complaint ("FAC") arise from:  (1) letters ZPI sent to, and legal proceedings brought by ZPI in, Germany (FAC, Dkt. No. 8, ¶¶ 38-48, 70-76, 80, 84); (2) a book authored by Isabel Allende that was published in 2005 in accordance with an agreement between Allende and HarperCollins (*Id*., ¶¶ 49-50 52-56); (3) a theatrical production that was produced by one of ZPI's licensees in Atlanta, Georgia (*Id*., ¶¶ 51, 54).

None of the information requested by Plaintiff in his subpoenas relates to the activities that form the basis of the claims set forth in his FAC.  Plaintiff's subpoenas demand that ZPI's film and TV studio licensees produce *every* agreement between ZPI and the studios, regardless

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 2
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

of whether those agreements have anything to do with ZPI's letters to German theaters, the Allende Book and/or the theatrical ZORRO production in Georgia. *See* Grant Decl., Dkt. No. 33, Exs. "C"-"F." Incredibly, the subpoenas also demand that the studios produce all contracts and revenue information about any product that incorporates the fictional character ZORRO – regardless of whether that product has any connection to Washington or even ZPI itself. *Id*. Furthermore, while Plaintiff's subpoena to Allende at least seeks information regarding her Book (which Plaintiff alleges infringes his copyrights), the Book was published under an agreement *between two third parties* – Allende and her publisher HarperCollins – which cannot result in personal jurisdiction *over ZPI*.

### B. *Breckenridge* Does Not Hold That Jurisdiction Can Be Predicated Upon Activity By a Licensee That Is Unrelated to The Claims In The Lawsuit

It is fundamental that personal jurisdiction cannot be based on the "unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Accordingly, sales by a defendant's licensee in the forum state are insufficient to support personal jurisdiction. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). As ZPI has repeatedly stated *ZPI itself neither manufactures nor distributes any ZORRO works.*[2] Instead, ZPI licenses its rights to third parties, generally on a nationwide basis. While ZPI's licensees *may* distribute some ZORRO works in Washington, ZPI itself does not sell any ZORRO works in Washington. ZPI "itself has not put *any* products into the stream of commerce that might have ended up in the forum, whether through a distributorship agreement or otherwise. That alone ends the inquiry." *Holland Amer. Line v. Wartsila North Amer.*, 485 F.3d 450, 459 (9th Cir. 2007).[3]

Plaintiff's assertion that (notwithstanding *Red Wing Shoe*) a licensee's activities can be imputed to its licensor for the purposes of personal jurisdiction is based on a gross misreading

---

[2] *See* Motion, Dkt. No. 32, at 8; ZPI Defendants' Motion to Dismiss, Dkt. No. 20, at 2.
[3] Moreover, even if ZPI *had* played a role in distributing Zorro works (it did not), the placement of a product into the stream of commerce does not give rise to personal jurisdiction. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 3
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

of *Breckenridge* – which sets forth the law of the Federal Circuit as to when a patentee can be subject to personal jurisdiction on a claim seeking declaratory relief of non-infringement. *Breckenridge* held that licensors can be subject to personal jurisdiction where they both send cease and desist letters to the forum state *and* engage in "other activities."  444 F.3d at 1363. The *Breckinridge* court held that "the crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue here." *Id*., at 1366.  The focus in *Breckenridge* was on specific jurisdiction – the conduct that gave rise to the plaintiff's declaratory relief claim.  Subsequent Federal Circuit decisions have underscored that only acts giving rise to a plaintiff's claims can constitute "other activities" that, when combined with cease and desist letters, can result in personal jurisdiction.  *See, e.g., Avocent Hunstville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008) (noting that the "other activities" must "relate to" enforcement of the patents in the forum).

Here, even if this Court applies Federal Circuit law, ZPI did not send cease and desist letters to the forum state – Washington.  The only letters referenced in Plaintiff's FAC were sent from ZPI in California to theaters *in Germany*.  FAC ¶¶ 38-41, 44-45, Dkt. No. 8.  For this reason alone, *Breckenridge* does not apply.  Moreover, the information Plaintiff seeks by his subpoenas does not even remotely relate to the "but for" facts giving rise to his claims (*see Panavision*, 141 F.3d at 1322) except, arguably, the subpoena to Allende.  However, as to the Allende subpoena, the sales were made *by HarperCollins* pursuant to an agreement it entered into *with Allende herself*.  Plaintiff has cited no authorities holding that such sales, *twice removed from ZPI*, can be imputed to ZPI for purposes of establishing personal jurisdiction.

### C. The Court Should Nevertheless Quash The Subpoenas Or, In The Alternative, Enter A Two-Tiered Protective Order

ZPI has sufficiently identified the severe harm it will suffer if Plaintiff was allowed to personally review ZPI's sensitive business information.  Plaintiff is ZPI's would-be competitor

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 4
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

in licensing ZORRO-related intellectual property. Gertz Decl., Dkt. No. 34, ¶ 8. Both recently competed head-to-head to license a ZORRO play in Germany. *Id.* Even Plaintiff admits that he and ZPI are competitors to a "limited degree." Cabell Decl., Dkt. No. 35-3, ¶ 14. Plaintiff and ZPI have been adversaries for more than 15 years – when ZPI refused Plaintiff's request in 1996 to license ZORRO related intellectual property from ZPI. Gertz Decl., Dkt. No. 34, ¶ 4. Thus, in 2002, Plaintiff filed a petition with the USPTO to cancel many of the same trademarks that are the subject of this litigation. *Id.*, ¶ 5. Plaintiff's FAC uses the word "fraud" or "fraudulently" more than 30 times and accuses ZPI of a "campaign of intimidation and coercion aimed" at Plaintiff. FAC, Dkt. No. 8, p. 1-2. Indeed, even Plaintiff's Opposition (Dkt. No. 35) repeatedly calls ZPI a fraud and accuses ZPI of "harassing and threatening third parties."[4] ZPI takes little comfort in Plaintiff's statement that, "[a]t this time, I have no plans to be involved in the sale of any ZORRO merchandise." Cabell Decl., Dkt. No. 35-3, ¶ 14.

If the requests set forth in Plaintiff's subpoenas to the third parties are even marginally relevant to the acts giving rise to Plaintiff's claims (and they are not), that relevance is far outstripped by the harm that will be sustained by ZPI in having its highly confidential business information given to such a competitor. Thus, "[this] Court must balance two competing interests" – the harm associated with disclosure against the relevance of the information. *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598, at *3 (W.D. Wash. January 17, 2013) (Martinez, J.). Here, the balance tips sharply in favor of quashing the requests. *Id.*

In the alternative, a two-tiered protective order would be appropriate. Numerous courts in this District have recognized the need for an Attorneys' Eyes Only ("AEO") designation to protect privacy interests in cases between competitors. *See, e.g., DeFreitas v. Tillinghast*, 2013 WL 209277, * 5 (W.D. Wash, Jan. 17, 2013) ("designation of AEO for sensitive business documents would shield NBCU from the undue burden and specific harm of providing

---

[4] Perhaps more troubling, certain of Cabell's other allegations consist of wild conspiracy theories. For example, in Paragraphs 33 through 36, Cabell blames ZPI for the failure of his play and the loss of his agent at William Morris.

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 5
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

proprietary information to a competitor"); *UCC Ueshima Coffee Co., Ltd. v. Tully's Coffee Corp.*, 2007 WL 710092 (W.D. Wash., March 6, 2007). This is particularly the case where – as here – the party seeking the discovery has failed to establish that the AEO designation "will prejudice its case." *UCC Ueshima Coffee*, 2007 WL 710092, * 2; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Plaintiff has no unique knowledge to offer his attorney as to personal jurisdiction issues and the highly sensitive information ZPI seeks to designate as AEO *is not relevant to any substantive claim or defense in this lawsuit*.[5]

Plaintiff's concerns of "satellite litigation" are unfounded. ZPI's Proposed Protective Order contemplates marking as AEO "information regarding ZPI's licenses, including information regarding the terms of ZPI's license agreements and information regarding revenue associated with ZPI's licenses." *See* Grant Decl., Dkt. No. 33, Ex. G. The Proposed Protective Order also includes a broader provision that allows other highly confidential trade secrets to be designated AEO. *Id*. However, ZPI would agree to a protective order specifying that only the license agreements themselves, and sensitive sales and financial information relating to these agreements, can be designated as AEO.

### III. CONCLUSION

For all of the foregoing reasons, ZPI respectfully asks the Court to grant its Motion, quash the subpoenas or, in the alternative, allow for the designation of information regarding ZPI's licenses as AEO.

---

[5] The authority offered by Plaintiff proves ZPI's point. For example, in *Intervet, Inc. v. Merial Limited*, 241 F.R.D. 55 (D.D.C. 2007), the District Court *entered a two-tiered protective order*, but held that the defendant's in-house counsel was entitled to review AEO material because she was not a competitive decision-maker. By way of further example, in *Westbrook v. Charlie Sciara & Son Produce Co., Inc.*, 2008 WL 839745, 5 (W.D. Tenn. 2008), the District Court ruled that the parties in a hostile work environment case – a former student-intern and produce company – were not competitors. *See also In re Michael Wilson & Partners, Ltd.*, 2007 WL 3268475, *2-3 (D. Colo. 2007) (AEO provision was an "impractical burden" for actions brought under 28 U.S.C. § 1782, which concerns discovery relating to proceedings in foreign countries); *Frees, Inc. v. McMillian*, 2007 WL 184889, * 5 (W.D. La. 2007) (rejecting AEO designation were the subject matter of the case was "unique and not easily comprehended" and understanding the technology required input from client).

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 6
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

DATED this 9th day of August, 2013.

                LATHROP & GAGE LLP

                By: */s/ David Aronoff*
                    David Aronoff (admitted pro hac vice)
                    Email:  daronoff@lathropgage.com

                Jeff Grant (admitted pro hac vice)
                Email:  jgrant@lathropgage.com
                1888 Century Park East, Suite 1000
                Los Angeles, CA 90067
                Telephone: 310-789-4600
                Facsimile: 310-789-4601

                COZEN O'CONNOR

                Michael D. Handler, WSBA No. 25654
                Email:  mhandler@cozen.com
                1201 Third Avenue, Suite 5200
                Seattle, WA  98101
                Telephone: 206.340.1000
                Toll Free Phone: 1.800.423.1950
                Facsimile: 206.621.8783

                Attorneys for Defendant(s) Zorro Productions, Inc. and John Gertz

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 7
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 9th of August, 2013

By: */s/ Marcella Stone-Vekich*
Marcella Stone-Vekich, Legal Assistant to
Michael D. Handler, WSBA No. 25654

DEFENDANT ZPI'S REPLY IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER - 8
NO. 2:13-CV-00449

LEGAL\17066134\1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
1201 THIRD AVENUE
SUITE 5200
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000