The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. CABELL, | ) No. 2:13-cv-00449 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) PLAINTIFF'S LOCAL RULE 7(g) |
| | ) SURREPLY MOTION TO STRIKE THE |
| | ) NEW EVIDENCE AND ARGUMENT |
| ZORRO PRODUCTIONS, INC., JOHN | ) PRESENTED IN DEFENDANTS' REPLY |
| GERTZ, and STAGE ENTERTAINMENT | ) |
| LICENSED PRODUCTIONS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to Local Rule 7(g), Plaintiff Robert W. Cabell submits this surreply to Defendants' Motion to Dismiss (Dkt. 20) to respond to new arguments and alleged facts in Defendants' Reply (Dkt. 65) and the Supplemental Declaration of John Gertz (Dkt. 66, the "Supp. Gertz. Decl.").  The Court should strike these new arguments and new evidence because the filing deprives Mr. Cabell of a meaningful opportunity to respond.[1]

---

[1] It is well-established that new materials are inappropriate in a reply because they are not fair.  *See, e.g., Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981) ("New material does not belong in a reply brief . . . Certainly the use of new material in a reply brief transgresses against the canons of fair forensics."), *quoting Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976) (ellipses in original); *see also, Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F.Supp.2d 1208, 1214 (W.D.Wash. 2003) ("Defendant correctly moves to strike a declaration with new evidence submitted in reply."), *aff'd* 372 F.3d 1330 (Fed. Cir. 2004).

1.  <u>Defendants' Knowledge of Cabell's Washington Residence</u>.  Defendants repeatedly assert they did not know Mr. Cabell lived in Washington.  Reply at 6:3-4, 7:14; Supp. Gertz. Decl., ¶5.  If given a meaningful opportunity to address this new argument and testimony, Mr. Cabell would demonstrate that Defendants definitely knew of his residence in Washington at the relevant times of their tortious and infringing conduct.  In fact, in response to a different motion, Mr. Cabell has submitted a sworn declaration demonstrating that defendant John Gertz, ZPI's President, knew of Mr. Cabell's Washington residence during the relevant time periods. *See* Dkt. 43, p. 6 and Dkt. 43_1, ¶6 (Declaration of Bettina Miggee).  Here, though, this evidence and argument should be stricken because it was made in reply.

2.  <u>Royalty Details Relating to ZPI's Washington Licenses</u>.  In an attempt to minimize the significance of its dozens of licenses with companies headquartered and doing business in Washington, ZPI asserts that the royalties or revenues received as a result of the licenses are de minimus. Reply at 3:4-11; Supp. Gertz Decl., ¶¶2-4.  Not only are these facts new, but they are entirely inconsistent with information provided by ZPI in response to jurisdictional discovery requests.[2]  Defendants should not be allowed to rely on this information after purposefully withholding the information from their primary memorandum and discovery responses.

3.  <u>Admissibility of Summary Evidence</u>.  Not surprisingly, ZPI demands that the Court not consider evidence relating to its nearly fifty (50) license agreements in which ZPI expressly grants authorization to sell Zorro products and services in Washington.  ZPI argues that the

---

[2]  In his jurisdictional discovery requests to defendants, Mr. Cabell specifically asked defendants to identify all contracts with Washington companies and to state the amount of royalties/revenues received under those contracts. In response, ZPI only identified the 5finity License and failed to even identify its other licenses with Washington companies. *See*, Dkt. 35_5, pp. 14-16.  Defendants' discovery responses are expressly inconsistent with the information provided in Defendants' Reply and the Supp. Gertz Decl.

SURREPLY OPPOSING
MOTION TO DISMISS -- 2

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

declaration summarizing these licensees – nearly all of which are based on ZPI's contracting templates, examples of which are in the record – is inadmissible.  Information in the declaration is clearly admissible pursuant to Federal Rule of Evidence 1006 which provides that a summary may be offered into evidence if the underlying writings, recordings or photographs the summary describes are so voluminous that they "cannot conveniently be examined in court."  In the case of a Rule 1006 summary, the summary itself, not the documents that underly it, is the evidence to be considered by the fact-finder.  Regardless, unless Mr. Cabell is given an opportunity to address this argument, the Court should not consider it.[3]

   4. <u>Copyright Claim Requires Attachment of Works</u>.  Defendants initially argued that Mr. Cabell's copyright infringement claim fails because Mr. Cabell has not listed specific infringing elements of the works.  After Mr. Cabell responded that his copyright claims meet the requirements of Fed. R. Civ. P., Form 19, Defendants changed their position and argued for the first time that Form 19 requires that Mr. Cabell attach the works at issue. Reply at 9:11-17. Defendants provide no support for that argument and Form 19 certainly does not support it.  This new argument should be stricken unless Mr. Cabell has a meaningful opportunity to respond.

   5. <u>Jurisdiction Based on Washington Licenses Requires Cease and Desist Letters Be Sent to Washington</u>.  The parties and the Court have addressed a number of times *Breckenridge* and its progeny.  For the first time in their Reply, Defendants assert that the *Breckenridge* cases require that cease and desist letters be sent into the forum. Reply at 4:9-14.  Mr. Cabell respectfully requests this new argument be stricken unless he is provided a meaningful opportunity to respond.

---

[3] Defendants do not assert that any of the information or testimony in the Latham Declaration is inaccurate or false.

SURREPLY OPPOSING
MOTION TO DISMISS -- 3

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

DATED this 12th day of February, 2014.


By /s/ Greg Latham
    Greg Latham
    *Admitted Pro Hac Vice*
    Intellectual Property Consulting
    201 St. Charles Avenue
    New Orleans, LA 70170
    T:(504) 322-7166/F:(504) 322-7184
    E-mail: glatham@iplawconsulting.com

By /s/ Michael G. Atkins
    Michael G. Atkins
    WSBA# 26026
    Atkins Intellectual Property, PLLC
    93 South Jackson Street #18483
    Seattle, WA 98104-2818
    T (206) 628-0983/F (206) 299-3701
    E-mail:  mike@atkinsip.com

    *Attorneys for Plaintiff*


## Certificate of Service

I hereby certify that on February 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


By /s/ Greg Latham
    Greg Latham

SURREPLY OPPOSING
MOTION TO DISMISS -- 4

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701