The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. CABELL,

    Plaintiff,

vs.

ZORRO PRODUCTIONS, INC., JOHN GERTZ, and STAGE ENTERTAINMENT LICENSED PRODUCTIONS,

    Defendants.

No. 2:13-cv-00449

CABELL'S RESPONSE TO MOTION FOR AWARD OF ATTORNEYS' FEES UNDER RCW § 4.28.185(5)

NOTE ON MOTION CALENDAR:
December 5, 2014

## INTRODUCTION

Plaintiff Robert W. Cabell respectfully requests that the Court in its discretion deny Defendants' motion for attorneys' fees because he filed this action in good faith and without any intent to harass. Alternatively, Mr. Cabell respectfully requests that the Court significantly reduce the attorneys' fee award that Defendants seek because the request is excessive, seeking an amount that was not necessary to prevail on the jurisdictional defense and amounts for work that can be used as this matter moves to California.[1]

---

[1] Pending before the Court is Mr. Cabell's Motion for Partial Reconsideration (Dkt. #73) which asks the Court to transfer this action to California rather than dismissing the case. If the Court declines to reconsider its dismissal, Mr. Cabell intends to re-file his claims in the Northern District of California.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 1

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

## BACKGROUND

On March 13, 2013, Mr. Cabell filed his complaint against Defendants seeking a declaratory judgment that his musical does not infringe any valid intellectual property rights that Defendants claim to hold.[2] On April 8, 2013, Mr. Cabell filed an amended complaint asserting claims for copyright infringement against Defendants. More specifically, Mr. Cabell claims that his musical is infringed by a novel commissioned by Defendants, written by Isabel Allende, published by HarperCollins and which serves as the basis for ZPI's infringing musical produced in Atlanta, Utah and in various international locations.[3]

On May 16, 2013,[4] Defendants filed a motion to dismiss asserting a number of grounds, including: (i) the Court lacked personal jurisdiction; (ii) the action should be transferred to Germany on forum non conveniens grounds; (iii) the Complaint lacked sufficient allegations to support a copyright infringement claim; (iv) there was not an actual controversy as required for declaratory judgment relief; (v) the trademark cancellation claims were time barred; (vi) the tort claims were barred by the litigation privilege; and, (vii) there was no public interest as required for a Washington Consumer Protection Act claim. Defendants' motion was not limited to, or even focused on, the jurisdiction issue – it was a classic "scattershot" motion.[5]

---

[2] *See* Complaint (Dkt. #1).

[3] *See* First Amended Complaint (Dkt. #8).

[4] After Mr. Cabell filed this action, but before Defendants moved for dismissal, ZPI initiated new, unecessary litigation in Germany against Mr. Cabell's licensees. At significant expense to Mr. Cabell, Mr. Cabell's licensees prevailed in that action. While ZPI has the benefit of RCW §4.28.185(5) in this jurisdiction, Mr. Cabell has no corollary fee-shifting law in Germany. As the court determines how to exercise its discretion on the fee issue, Mr. Cabell urges the Court to consider that the happenings in Washington are but a part of the overall dispute between these parties, and, as demonstrate by ZPI's unsuccessful maneuvers in Germany, the prevailing party does not usually have the ability to recover fees and costs.

[5] Defendants' fee motion repeatedly asserts that Defendants have "conservatively" identified only fees related to the personal jurisdiction issue. *See*, e.g., Motion at 2:16. Defendants seem to believe that the Court should be more sympathetic to their motion, given this purported "conservative" approach. But, Defendants have done no favors;

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 2

ATKINS IP
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

On May 23, 2013, Mr. Cabell filed a motion for leave to engage in jurisdictional discovery.[6] Although he would have preferred to conduct jurisdiction on all issues – since that discovery will be needed when this litigation moves to California – Mr. Cabell understood that the Court would limit discovery at this stage to information regarding Defendants' contacts with Washington.[7] On June 20, 2013, the parties filed a Stipulation regarding the agreed-upon discovery.[8]

Although agreeing to limited discovery, the Defendants took several actions to diminish the information available to Mr. Cabell. First, on July 31, 2013, Defendants moved for a protective order which sought "attorney-eyes only" protection, barring Mr. Cabell from access to nearly every piece of information revealed during discovery.[9] The time and cost incurred for this litigation strategy was not a direct result of litigating in Washington. Second, in order to reduce the information produced to Mr. Cabell in response to third-party subpoenas, Defendants voluntarily provided legal counsel to each subpoena third-party recipient. The subpoena responses received from each third-party uniformly contained the same objections (and the same

---

they have only acknowledged that the statute has limitations. As noted below, fees and costs related to aspects other than the personal jurisdiction issue are not recoverable under RCW 4.28.185(5). Moreover, despite the purported "conservative" approach, as discussed below, Defendants still over-reach. Indeed, despite the purported "conservative" approach, defendants seek nearly $80,000 – a shocking amount.

[6] *See* Motion for Leave to Engage in Jurisdictional Discovery (Dkt. #23).

[7] The discovery conducted by Mr. Cabell in this Court is a subset of the discovery that will eventually occur in California – it is NOT different discovery – but a small portion of the broader discovery. For example, through discovery in this Court Mr. Cabell received information relating to the agreements between Defendants, Allende and HarperCollins for the publishing of the infringing Allende Novel; information obviously central to the next stage of litigation. Mr. Cabell received information relating to Defendants' fraudulent licensing practices; documents directly relevant to his fraud claims. While the immediate purpose of the discovery was limited to the jurisdictional motion, Defendants would have been required to produce the information eventually.

[8] *See* Stipulation and Proposed Order (Dkt. #27).

[9] *See* Motion for Protective Oder (Dkt. #32).

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 3

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

lack of information) drafted by Defendant's counsel.[10]  Again, these costs and expenses are not a direct result of litigation in Washington, but rather only a result of Defendants' litigation strategy.

The final brief relating to Defendants' motion to dismiss was filed on February 12, 2014. (Dkt. #68).  Nine months later, after undoubtedly close review of the issues presented by the briefs, the Court set oral argument for September 26, 2014.[11]

On October 21, 2013, the Court issued an order dismissing Mr. Cabell's case without prejudice.[12]  The Court's Order (i) distinguished Defendants' licensing activity from that relied upon in *Breckenridge*[13] and its progeny; (ii) found that Defendant ZPI placed the allegedly infringing novel into the stream of commerce, but Mr. Cabell did not show that Defendants did "something more" purposefully directed at Washington; and, (iii) found that Mr. Cabell met two of the three prongs of the *Calder* "effects" test, but that there were no actions expressly aimed at Washington.  Defendants then brought their motion for fees under RCW 4.28.185(5).[14]

---

[10] *Id.*

[11] *See* Minute Entry (Dkt. #70).

[12] *See* Order (the "Order") (Dkt. #71).

[13] *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc*., 444 F.3d 1356 (Fed. Cir. 2006).

[14] *See* Motion for Attorney Fees (the "Motion") (Ct. Dkt. #74).

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 4

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

**ARGUMENT AND AUTHORITY**

A.  **The Court has the Discretion to Deny Awarding Attorneys' Fees.**

As a threshold matter, Defendants boldly represent they are "entitled" to an award of attorneys' fees.[15]  Their representation misstates the law.  In actuality, RCW 4.28.185(5) merely <u>authorizes</u> the Court to make such an award.  It states:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there <u>may</u> be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.[16]

Washington courts have long given effect to the plain meaning of this text, finding that fee awards under the long-arm statute are purely discretionary.  *See*, *e.g.*, *Amazon.Com, Inc. v. Kalaydjian*, No. 00-1740-R, 2001 WL 1892190, at *1 (W.D. Wash. Mar. 27, 2001) ("Whether to grant or deny a request for attorneys fees under this provision is wholly within the discretion of the trial court."), *citing Fluke Capital & Management Services Co. v. Richmond,* 106 Wn.2d 614, 625 (1986) (recognizing that "an award of attorneys fees that is authorized by statute is left to the trial court's discretion"); *Perkumpulan Investor Crisis Ctr. Dressel--WBG v. Wong*, No. 09-1786-JCC, 2014 WL 3738629, at *2 (W.D. Wash. July 29, 2014) (same); *Johnson v. Venzon*, No. 12-895-RSL, 2012 WL 3778877, at *5 (W.D. Wash. Aug. 30, 2012) (same).  Defendants' Motion tellingly misstates this well-settled principle.

---

[15] Motion at 2:6-8 ("Thus, because the Court dismissed the action due to the lack of personal jurisdiction, ZPI and Gertz are <u>entitled</u> to a fee award under RCW § 4.28.185(5).") (emphasis added); 12:9-10 ("When a party is <u>entitled</u> to recover attorneys' fees, the court should also award fees for time spent preparing the party's motion for attorneys' fees.") (emphasis added).

[16] RCW 4.28.185(5) (emphasis added).

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 5

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

B.  **The Court Should its Exercise Discretion and Deny Defendants' Fees Request Because Personal Jurisdiction Question was a Close Question and the Suit Was Not Brought to Harass.**

Washington courts decline to award attorneys' fees when an award would not further the interests the long-arm statute is intended to serve. Defendants correctly note that one such interest is "to compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction." *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 122 (1990) ("*Fetzer I*").[17] However, they again misstate the law by telling only part of the story. Defendants neglect to add that the long-arm statute also serves "to ensure that otherwise valid claims are not abandoned merely out of fear of the possibility of fee shifting. 'To not so limit such fees would thwart the legislative intent to allow full exercise of state jurisdiction to the extent allowed by due process.'" *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149 (1993) ("*Fetzer II*"), *quoting Fetzer I*, 109 Wn.2d at 125 (Brachtenbach, J., concurring). This is an important omission. "Because of the State's strong interest in allowing its citizens the broadest constitutionally permissible access to our courts," the Washington Supreme Court instructs that courts "must zealously circumscribe the scope of advocate activity which will be reimbursed under the long-arm statute." *Id*. at 152-53. The Court should consider the justice of making an award against Mr. Cabell in his individual capacity in light of this "strong interest."

Defendants' Motion ignores yet another purpose the fees provision is intended to serve: deterring the frivolous harassment of out-of-state defendants. As this Court has explained, "one of the primary purposes of the attorneys fees provision in RCW 4.28.185 is 'to deter plaintiffs from invoking long-arm jurisdiction as a means to harass foreign defendants.'" *Amazon.Com, Inc.*, 2001 WL 1892190 at *1, *quoting Fetzer I*, 114 Wn.2d at 122 n. 6 (additional citations omitted). Defendants' complete failure to address this purpose in their Motion is a glaring

---

[17] Motion at 7:13-15.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 6

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

omission given Washington courts' frequent reliance on this ground when denying fees requests under the statute, and defendants' inability to claim – let alone prove – that Mr. Cabell frivolously chose to sue them in Washington in order to harass them.[18]

This Court's treatment of *Amazon.Com, Inc. v. Kalaydjian*, on these points is particularly instructive. In that case, as here, a Washington resident filed suit in the Western District of Washington claiming that a California resident had infringed its intellectual property rights. *Id.* In that case, as here, the Court dismissed the plaintiff's claims based on a lack of personal jurisdiction. *Id.* In that case, as here, the defendant then filed a motion for an award of attorneys' fees under the long-arm statute, claiming that he was entitled to such an award. *Id.* The Court disagreed, finding that a fees award under the statute was purely discretionary. *Id.* In its discretion, the Court then declined to award fees because the defendant did not establish that the plaintiff had sued him in Washington in order to harass him:

> There is no support in the record for [the defendant's] insinuation that Amazon did intend its use of the long-arm statute to harass him. On the contrary, the court notes that the jurisdictional question in this case was very close, that Amazon presented a credible argument in support of its position (which argument has been accepted by federal courts in sister circuits), and that another tribunal in this district found personal jurisdiction present in strikingly similar factual circumstances. Given the totality of these circumstances and Amazon's obvious good faith in bringing the action, the court finds an award of attorneys fees inappropriate and unnecessary.

*Id.*

Here, the defendants similarly failed to establish that Mr. Cabell sued them in Washington in order to harass them. <u>Indeed, they do not even make that claim.</u>[19] Mr. Cabell

---

[18] *See*, *e.g.*, *Perkumpulan Investor Crisis Ctr. Dressel--WBG*, 2014 WL 3738629 at *4 (declining to award fees under the long-arm statute because the Court could not conclude that plaintiff's decision to bring the defendant into the lawsuit was "frivolous, made in bad faith, or meant to harass"); *Venzon*, 2012 WL 3778877 at *6 (denying fees request because "[p]laintiff's basis for asserting jurisdiction was far from frivolous"); *Dantonio v. Southwest Educ. Dev. Lab.,* No. 10-1193, 2011 WL 2118577 at *9 (W.D. Wash. May 26, 2011) (denying fees under RCW 4.28.185(5) because plaintiff's "jurisdictional arguments were neither frivolous nor incapable of substantiation").

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 7

ATKINS IP
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

filed suit here because, like Amazon, he resides here, and because he believed in good faith that he would be able to establish that the Court had personal jurisdiction over them.  If he had known the Court would find otherwise, he would have filed suit where the defendants reside. While he now has the benefit of 20/20 hindsight, it would not have served the interests of the long-arm statute if the threat of a large attorneys' fees award had frightened him away from the court of his choosing, in the jurisdiction where he resides and where he cares for his elderly parents.[20]  *See Fetzer II*, 122 Wn.2d at 149, *quoting Fetzer I*, 109 Wn.2d at 125.  Since Mr. Cabell is a Washington citizen, the State has a "strong interest" in protecting his "broadest constitutionally permissible" access to Washington courts.  *Id*. at 152-53.  A fees award in this context (particularly the large amount that defendants seek to impose against an individual in his personal capacity) would defeat this important public interest.  When defendants do not even claim – let alone prove – that Mr. Cabell filed suit against them in Washington to harass them, a fees award would be grossly unfair.

This is especially true when Mr. Cabell largely relied on the *Calder* "effects" test in an effort to establish personal jurisdiction.[21]  In *Venzon*, this Court recently noted that such jurisdiction is "both complicated and close under the Ninth's Circuit's evolving interpretation of *Calder*'s effect."  *Venzon*, 2012 WL 3778877 at *6 (citation omitted).  Given the difficult question that *Calder* jurisdiction presented, the Court found it had "particularly broad" discretion to deny the defendant's motion for attorneys' fees under the long-arm statute when it found jurisdiction lacking.  *Id*.  In short, the question was sufficiently close that a fees award did not

---

[19] *See* Motion.

[20] *See* First Amended Complaint (Dkt. #8) at 3:8-9.

[21] *See* Memorandum in Opposition to Motion to Dismiss at 13-14.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 8

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

serve the "heartland" of the statutory purpose authorizing such awards, namely, "to permit courts in their discretion to award . . . fees as compensation for an out-of-state defendant having to defend against <u>frivolous actions or one</u> that creates a burden on that party that outweighs convenience to the defendant and <u>that offend the traditional notions of fair play and substantial justice</u>." *Id*. at 5, *quoting Johnston v. Hines GS Properties, Inc.*, 114 Wash. App. 1013, *5 (2002) (ellipses and emphasis in original).  Therefore, the Court declined to award fees even though it found it lacked personal jurisdiction.  *Id*.  The Court should make the same determination here.  Because Mr. Cabell's belief that *Calder* supported jurisdiction was far from frivolous, the Court should exercise its "particularly broad" discretion and decline to charge him with the defendants' attorneys' fees here.

C. **Defendants' Fees Request is Unreasonable Because it Includes Time Spent on Non-Jurisdictional Matters.**

If the Court awards Defendants attorneys' fees, the amount should be limited to the "increase in fees caused by the exercise of long-arm jurisdiction." *Fetzer I*, 114 Wn.2d at 122. "Fees awards to defendants who prevail jurisdictionally thus should reflect only the amount of lawyering that reasonably should have been necessary to prevail on the jurisdictional defense." *Id*.  "Permitting awards in amounts exceeding the defendants' long-arm related expenses does nothing to further this policy [of compensating defendants only for the added expense caused by an assertion of long-arm jurisdiction].  Such excessive awards are not 'reasonable' and should not be permitted under the statute." *Id*.

Under RCW 4.28.185, courts "curb litigative excess that might unnecessarily inflate fees awards" by not awarding fees for time spent on non-jurisdictional matters.  *Id*.  Additionally, courts will "discount any work which could be used in ancillary or parallel litigation." *Fetzer II*, 122 Wn.2d at 151 n.6.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 9

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

If the Court decides to make award fees, it should reduce the amount requested for (i) time spent on discovery matters as the discovery will be used in the California litigation; (ii) time spent obtaining an "Attorney-Eyes Only" protective order which was not directly related to the issues of jurisdiction; (iii) time spent by ZPI assisting third-parties with subpoenas; and, (iv) an excessive amount of time spent for preparation of the fee motion.

### 1. Defendants' Time Spent on Discovery

Defendants' counsel billed Defendants $22,772.00 for time spent related to discovery.[22] All of this work can be used as this litigation moves to California. While Mr. Cabell was only allowed to conduct discovery related to Defendants' Washington business, that discovery is a subset of the inquiry that will be required in California. Put another way, all of the information and documents produced by ZPI in Washington would have had to be produced had this case been initially brought in California. Courts "discount any work which could be used in ancillary or parallel litigation." *Fetzer II*, 122 Wn.2d at 151 n.6. Therefore, if the Court decides to award Defendants' attorneys' fees, it should reduce the requested amount by $22,772.00.

### 2. Defendants' Time Spent on Third Party Subpoenas

Defendants' counsel billed Defendants $7,618.00 for time spent to assist third parties in responding to subpoenas.[23] Neither the issuance of the subpoenas or Defendants' counsels' decision to assist these third parties are directly related to the jurisdictional issues. As with other discovery, the subpoenas issued to third parties address a subset of the broader issues which will be required now that this litigation continues in California. Moreover, while it is Defendants'

---

[22] Attached as Exhibit 1 is an itemized listing identifying by date, timekeeper, hours worked and amount billed, of each time entry for which Defendants' counsel billed Defendants for discovery related tasks.

[23] Attached as Exhibit 2 is an itemized listing identifying by date, timekeeper, hours worked and amount billed, of each time entry for which Defendants' counsel billed Defendants for assisting third parties with subpoena responses.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 10

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

prerogative to pay for legal work provided to third parties, the Court should not now require Mr. Cabell to pick up this bill. Courts "discount any work which could be used in ancillary or parallel litigation." *Fetzer II*, 122 Wn.2d at 151 n.6. Therefore, if the Court decides to award Defendants' reasonable attorneys' fees, the award should be discounted by an additional $7,618.00.

### 3. Defendants' Counsels' Time Spent on Protective Order

Defendants' counsel billed Defendants an astonishing $23,882 for work on the protective order in this case.[24] The central issue in the protective order was whether the Court should allow Defendants to identify information as "attorney-eyes only" so as to preclude Mr. Cabell access to the information. Defendants' litigation strategy to demand a two-tiered protective order is not directly related to the jurisdictional issues in this case. As with the discovery and subpoenas, the need for a protective order would have arisen if this case had initially been brought in California, and the protective order continues to govern use of the information as the matter continues in California. Moreover, the amount of fees charged for this particular stage of the litigation is shocking.

### 4. Defendants' Purported Fees to Prepare its Fees Motion is Unreasonably High.

Defendants' seek $13,462.00 for time purportedly spent by Defendants' counsel preparing the fee motion.[25] Such fees are unreasonable in relation to the nature of the work performed – drafting a rather standard motion. In evaluating the reasonableness of Defendants' requested fees, in general, the court may examine a number of subjective factors to determine if it will make an adjustment to the requested award. *Fetzer II*, 122 Wn.2d at 150. These factors

---

[24] Attached as Exhibit 3 is an itemized listing identifying by date, timekeeper, hours worked and amount billed, of each time entry for which Defendants' counsel billed Defendants for time spent on the protective order.

[25] Declaration of David Aronoff at 2:7-10. (Dkt. #76).

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 11

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

include the "time expended, the difficulty of the questions involved, the benefit resulting to the client, the contingency or certainty in collecting the fee and the character of the employment." *Fetzer I*, 114 Wn.2d at 124. These factors weigh heavily in favor of a downward adjustment in this instance. There is nothing difficult about the fee motion to justify the significant amount of time billed. Defendants' counsels' fees were unreasonably high because they chose to utilize two partners to draft the fee motion. Collectively, Mr. Aronoff, a partner with a $450 billable rate, and Mr. Grant, a partner with a $390 billable rate, spent a whopping 26 hours on the motion.[26] Defendants' fees requested in this regard are unreasonable in the context of the work performed. Mr. Cabell suggests that a more appropriate fee would include six hours of associate time and one hour each for Mr. Aronoff and Mr. Grant, for a fee of $2,460.00.

5. <u>If Court Awards Fees, the Appropriate Amount Would Be $9,189</u>.

Defendants ask the Court for an award of $74,463[27] of which $61,001 relate to Defendants' counsels' time spent on the jurisdictional motion and $13,462 related to time spent on the fee application. As explained above, Mr. Cabell submits that the $61,001 relating to the jurisdictional motion should be reduced by $22,772 for time spent on discovery, $7,618 for time spent on third-party subpoenas, and $23,882 for time spent on the protective order; the difference equals $6,729. As also explained above, the $13,462 relating to the fee motion should be reduced to $2,460.00. In total, Mr. Cabell respectfully submits that a maximum award of attorneys' fees should not exceed $9,189.00.

---

[26] *See* Declaration of David Aronoff (Dkt. #76) at 82-83.

[27] The financial impact on Mr. Cabell of an attorney fee award approaching $75,000 would be devastating. As represented to the Court during oral argument of ZPI's motion to dismiss, Mr. Cabell relocated to Seattle to become the sole caretaker of his elderly parents. Mr. Cabell's move was financially viable because his Zorro musical had been licensed for several upcoming productions with other licensing opportunities in negotiation. ZPI's actions of embroiling Mr. Cabell's publishers in legal actions (even though unsuccessfully) have caused Mr. Cabell's publishers to decline any further productions until the legal dispute is resolved. As a result, the income Mr. Cabell relied upon has disappeared.

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 12

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

## CONCLUSION

Mr. Cabell asks the Court to exercise its discretion and deny Defendants' motion for attorneys' fees because Mr. Cabell brought this action in good faith and without any intent to harass Defendants. Alternatively, if the Court awards Defendants' attorneys' fees, Defendants request should be discounted to reflect the amount time related to the jurisdictional question ($6,729) and an amount reasonable for preparation of the fee award ($2,460).

Respectfully submitted this 24th day of November, 2014.

By /s/ Greg Latham
Greg Latham
*Admitted Pro Hac Vice*
Intellectual Property Consulting
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170
T:(504) 322-7166/F:(504) 322-7184
E-mail: glatham@iplawconsulting.com
Attorneys for Plaintiff

By /s/ Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
93 South Jackson Street #18483
Seattle, WA 98104-2818
T (206) 628-0983/F (206) 299-3701
E-mail: mike@atkinsip.com
Attorneys for Plaintiff

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 13

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I served a true and correct copy of the document as follows:

| | |
|---|---|
| David Aronoff<br>Jeffrey Grant<br>Lathrop & Gage LLP<br>1888 Century Park East, Suite 1000<br>Los Angeles, CA 90067-1623<br><br>Michael D. Handler<br>Cozen O'Connor<br>1201 Third Avenue, Suite 5200<br>Seattle, WA 98101<br><br>Attorneys for Defendants | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Express Mail<br>☐ Facsimile<br>☐ Email<br>☒ ECF |

Dated:  November 24, 2014        s/ Greg Latham
                                                Gregory D. Latham

CABELL'S RESPONSE TO MOTION
FOR AWARD OF ATTORNEY'S FEES
UNDER RCW § 4.28.185(5) -- 14

**ATKINS IP**
93 South Jackson Street #18483
Seattle, WA 98104-2818
(206) 628-0983/Fax: (206) 299-3701