

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT W. CABELL,

                Plaintiff,

      v.

ZORRO PRODUCTIONS., INC. and
JOHN GERTZ,

               Defendants.

CASE NO. 13-cv-00449RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL
RECONSIDERATION

This matter comes before the Court upon Plaintiff Robert W. Cabell's Motion for Partial
Reconsideration (Dkt. # 73).[1] Pursuant to Local Civil Rule 7(h), Plaintiff requests
reconsideration in part of the Court's Order Granting Defendants' Motion to Dismiss (Dkt. # 71).
Plaintiff contends that the Court committed manifest error in failing to consider and to order
transfer of this action to the U.S. District Court for the Northern District of California in lieu of
dismissal. Upon request of the Court (*see* LCR 7(h)(3)), Defendants Zorro Productions, Inc.

---

[1] Also pending before the Court is Defendants' Motion for Attorney Fees (Dkt. # 74), which
shall be the subject of a forthcoming order.

1    ("ZPI") and John Gertz ("Gertz") have filed a brief in opposition, and Plaintiff a brief in reply.

2    Having fully considered the parties' arguments and the remainder of the record, the Court grants

3    Plaintiff's motion for the reasons provided herein.

4            Motions for reconsideration are disfavored and will not typically be granted absent either

5    a showing of manifest error in the prior ruling or of new facts or legal authority that could not

6    reasonably have been brought to the Court's attention earlier. LCR 7(h). Here, the Court agrees

7    with Plaintiff that it committed manifest error in failing to consider whether to transfer, rather

8    than dismiss, this action.

9            The federal transfer statute, 28 U.S.C. § 1631 ("section 1631"), provides that whenever

10   the court finds that "there is a want of jurisdiction, the court shall, if it is in the interest of justice,

11   transfer such action or appeal to any other court in which the action or appeal could have been

12   brought at the time it was filed or noticed[.]" Although the circuits have split as to whether

13   section 1631 applies to defects in personal jurisdiction, the Court finds persuasive the reasoning

14   of those circuits that have adopted a broad construction of the transfer statute. *See, e.g.*, *Roman v.*

15   *Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2013). Application of the statute to instances of personal

16   jurisdictional defects is also consistent with routine decisions of courts in this Circuit and with

17   the Ninth Circuit's unpublished dispositions. *See, e.g.*, *Gilliam v. Givens*, 12 F.3d 1106 (9th Cir.

18   1993) (affirming district court's finding that it lacked personal jurisdiction but remanding for the

19   court to consider whether it should transfer rather than dismiss the case); *Pamplona ex. rel.*

20   *Pamplona v. Hernandez*, 2009 WL 578578 (S.D. Cal. 2009) (transferring action pursuant to 28

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

1 U.S.C. § 1631 upon finding lack of personal jurisdiction); *Rose v. MISS PACIFIC, LLC*, 2009

2 WL 596578, *11. (W.D. Wash. 2009).[2]

3          Defendants argue that reconsideration is inappropriate as Plaintiff failed to bring the

4 possibility of transfer to the Court's attention earlier. The Court disagrees. First, the Local Rules

5 of this Court permit reconsideration for manifest error; reconsideration upon a showing of new

6 facts or authority is a separate and distinct grounds for reconsideration not argued here. *See* LCR

7 7(h)(1). Second, the Ninth Circuit has made clear that transfer is to be considered in lieu of

8 dismissal even without motion by the parties in light of section 1631's mandatory language.

9 *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001); *see also Miller v. Hambrick*, 905

10 F.2d 259, 262 (9th Cir. 1990) ("[I]f a court finds that there is want of jurisdiction the court *shall*

11 transfer the action to any other such court in which the action could have been brought if it is in

12 the interest of justice.") (emphasis added; internal quotations and citation omitted).

13 Consequently, Plaintiff's failure to raise the transfer statute prior to the Court's issuance of its

14 order of dismissal does not bar consideration here. To the contrary, the Court's failure to

15 consider transfer even absent motion would constitute an abuse of discretion. *See id.*

16          Having found that the Court manifestly erred in failing to apply section 1631, the Court

17 considers whether transfer is statutorily warranted. A section 1631 transfer is appropriate if three

18 conditions are met: (1) the transferring court lacks jurisdiction, (2) the transferee court could

19 have exercised jurisdiction at the time the action was filed, and (3) transfer is in the interest of

20 justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). The Court finds that all three

21 prongs are met in this instance.

22

23 ────────────────

24 [2] Additionally, Defendants do not contest that 28 U.S.C. § 1631 applies where the district court
finds personal jurisdiction lacking.

First, the Court has already determined that it lacks personal jurisdiction over Defendants. *See* Dkt. # 71. Second, it is undisputed that the District Court for the Northern District of California could have exercised jurisdiction over Defendants at the time this action was filed. ZPI is a California corporation with its principal place of business location in Berkeley, California, where Defendant Gertz also resides (Dkt. # 21, ¶ 10), subjecting both Defendants to the general personal jurisdiction of the proposed transferee court. *See Helicopteris Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984) (explaining that general jurisdiction exists when the defendant is domiciled in the forum state or its activities there are "substantial" or "continuous and systematic"). Third, contrary to Defendants objections, the Court finds that transfer of this action would be in the interest of justice.

"When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera*, 245 F.3d at 1074. Normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is typically "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262. Here, failure to transfer would prejudice Plaintiff, who has been litigating jurisdictional issues in this Court for nearly two years, since filing this action in March 2013. Because the Copyright Act bars recovery for any damage claim that accrued more than three years before commencement of the suit, *see Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994), dismissal will preclude Plaintiff from seeking recovery for alleged infringement from March 2010 through February 2012, a substantial interval. Dismissal will also waste private and judicial resources by forcing Plaintiff to revisit already trodden ground in order to initiate a new action in California. Finally, the Court finds no indicia that this action was filed in the Western District of

1  Washington in bad faith. The parties' stipulation to jurisdictional discovery undercuts

2  Defendants' argument that this action was frivolously filed in this district (*see* Dkt. # 28), and the

3  Court did not find its lack of jurisdiction over Defendants to be superficially manifest. Equity

4  accordingly counsels toward transfer, to allow Plaintiff to continue efficiently litigating his fully-

5  preserved claims.

6           For the foregoing reasons, the Court hereby ORDERS that Plaintiff's Motion for Partial

7  Reconsideration (Dkt. # 73) is GRANTED. Plaintiff's claims against Defendants John Gertz and

8  Zorro Productions, Inc. are reinstated. Pursuant to 28 U.S.C. § 1631, this matter is transferred to

9  the U.S. District Court for the Northern District of California. The Court's Order of dismissal

10  (Dkt. # 71) and Judgment (Dkt. # 72) are amended and superseded by this Order.

11          DATED this 3 day of February 2015.

12

13

14          RICARDO S. MARTINEZ
            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24